### EBENEZER MORROW *v.* N. G. ALLMAN *et al.*

A negotiable instrument, the execution of which is admitted in the answer, must be produced on the trial, or its loss accounted for.

Civil action for money demand, tried before *Cannon, J.*, at Spring Term, 1871, of MACON Superior Court.

The plaintiff in his complaint alleged that the defendants executed their single bill to plaintiff for three hundred and sixty dollars, due and payable in gold coin, February 1st, 1867, and that no part thereof had been paid except eighty dollars and fifty cents, wherefore he demanded judgment, &c.

The defendants in their answer admitted the execution of the single bill, and alleged there were divers other credits

against the said single bill, besides the one stated in the complaint.

Upon the trial the plaintiff declined to offer the single bill in evidence, and insisted that it was unnecessary under the pleadings, and that he was not compelled to do so.

The defendants demanded the production of the single bill, insisting that there were other credits endorsed thereon, besides the one admitted in the complaint.

One of the plaintiff's counsel admitted that he had the single bill but declined to produce it.

The defendants' counsel asked the Court to charge the jury "that the note not having been offered in evidence, nor its loss accounted for, and inasmuch as the plaintiff refused to offer the same in evidence to the jury, the plaintiff cannot recover." His Honor declined this prayer, but instructed the jury that the plaintiff was entitled to recover upon the complaint without the production of the note. Verdict for plaintiff. Judgment and appeal.

*M. Erwin,* for plaintiff.
*Battle & Sons,* for defendants.

Reade, J. The only question necessary to consider in this case is, whether in an action on a negotiable instrument, the execution of which is not denied by the answer, it is necessary to produce the instrument on trial, or account for its loss?

We think it is necessary to produce and file the instrument, in this case, a bond. It is the practice to do it, and there is much propriety in it. Being negotiable, how can it otherwise be known whether it has not been transferred? Or if kept back it may be subsequently transferred, and although such subsequent transfer would not subject the maker to its payment, yet he ought not to be kept in jeopardy of another suit. And furthermore, there may be, as was alleged in this case,

payments endorsed upon the bond, of which the defendant ought to have the benefit.

It was competent on the trial to require the plaintiff or his counsel to produce the paper, the same being admitted to be in their possession and in Court; and in a proper case they might have been put under a rule. The usual way, however, is to notify the plaintiff to produce the paper; and upon his failure to do so, having the power, to non-suit him. *Rev. Code,* chap. 31, sec. 82.

There is error.

PER CURIAM.                                    *Venire de novo.*