DAVID BRASWELL v. BENNETT GAY.

Where plaintiff claimed title to land under a deed bearing date May 15th, 1857, and the defendant, under a deed from same person, dated April 20th, 1862, and the defendant alleged that the proper date of the deed to plaintiff was 1856, *Held*, that in the absence of any charge or proof of fraud in the alleged change of date, testimony showing the good character of deceased subscribing witness who had proved the deed to plaintiff, was immaterial, and an exception based upon instructions to the jury on such testimony cannot be sustained.

Where one had executed two deeds of trust at different times to different persons, his declaration, made subsequent to both of them, that he had not paid the debt set out in the first deed, is admissible against one claiming under the second deed, because such declarations were against his interest.

A purchaser under the *second* of such deeds of trust having testified that the trustor had said at the sale that nothing was due under the first deed, and that the trustee under the first deed was present and did not contradict the statement; *It was held*, that evidence might be offered to contradict such purchaser, showing that subsequently he had said that the debt secured in the first deed had never been paid.

CIVIL ACTION, for recovery of land, tried before MOORE, J., at May Term, 1876, of the Superior Court of EDGECOMBE.

The plaintiff claimed under a deed from one Elizabeth Anderson to him, dated March 22d, 1873, and expressed to be made in execution of a power of sale vested in her by a deed of trust, executed to her by one Bennet Melton, May 15th, 1857, to indemnify her as surety on a note to one Griffin for $100, dated October 15th, 1853. The defendant claimed title under a deed from one Joshua Killebrew and one William Worsly, under a sale made by one Jesse Bullock, on the 20th of April, 1862. Bullock sold under a deed in trust, executed to him by said Melton to secure certain creditors, and dated March 4th, 1861. Melton was in possession of the land at the date of the deed to Mrs. Anderson, and remained in possession until January 1st, 1863, when it was surrendered to defendant.

The date of the deed to Elizabeth Anderson was somewhat blurred, and indicated a change in the month and year as first written. A certificate of probate in proper form was appended to the deed, showing that it was duly proved by one Robert Ricks, the subscribing witness, May 26th, 1857.

Elizabeth Anderson, introduced as a witness by plaintiff, testified that she paid the note to Griffin, and sold to reimburse herself for the principal and interest. Plaintiff offered to show by her the circumstances under which the deed to her was executed, but upon objection this evidence was not admitted. Evidence was offered by the defendant tending to show that Melton paid the note. The plaintiff introduced one Elizabeth Williams, a daughter of Melton, who testified that within two or three months of his death, in July, 1864, Melton told her he had never paid anything on the deed in trust to Mrs. Anderson ; and another witness testified that he heard Melton make similar declarations within two or three weeks of his death. Defendant objected to these declarations of Melton, but they were admitted.

It was in evidence, on the part of the plaintiff, that at the sale by Bullock, Elizabeth Anderson was present and forbade the sale unless she was first paid the $100 and interest. Defendant offered evidence that Melton was also present, and denied owing her anything, though witness stated he could not say that she heard it, she being some twenty feet distant from Melton, and part of the crowd being between them ; she being also quite old and somewhat deaf.

It was in evidence that the mortgage was read over to Elizabeth Anderson at one Harry Anderson's sale, in the fall of 1856. It appeared that the note for $100 was signed by Elizabeth Anderson with a cross mark, and that in signing the deed in trust, to which her name was affixed with that of Melton, she had written her own name. She was recalled and asked by defendant's counsel why this was.

She replied that she did not have her "specs" when the note was signed, and could not see to write her name. She also stated that the mortgage was not signed when it was read to her at H. Anderson's sale; that it was delivered to and signed by her after that sale, and Ricks witnessed her signature. This evidence was admitted after objection by defendant. Plaintiff also offered evidence to show that Robert Ricks, who was dead, was a man of excellent character. This was admitted after objection by defendant.

Plaintiff, as a witness for himself, testified that Worsley, one of the purchasers from Bullock, told him on the day of sale by Elizabeth Anderson, and on the way to, the sale, that Melton had never paid Mrs. Anderson the money she had paid Griffin as Melton's surety. Worsley had been put on the stand to show that at Bullock's sale Melton had denied in Mrs. Anderson's presence that he owed anything on account of the Griffin debt, and had been asked by plaintiff's counsel as to the conversation with plaintiff, which conversation plaintiff now offered to prove, and which Worsley denied.

Defendant objected to plaintiff's testifying to Worsly's declarations to him, as above set forth, on the ground that they were collateral, and the plaintiff was bound by Worsly's answer; but it was admitted by his Honor.

In response to appropriate issues submitted to them, the jury found, that the deed in trust from Melton to Mrs. Anderson was delivered in 1857; that there was no alteration in the date of the deed without the consent of Melton, after its delivery; and that the debt specified in that deed was not paid by Melton to Mrs. Anderson before her sale to plaintiff.

There were several exceptions on the part of the defendant to the rulings of his Honor and his instructions to the jury; but those relied on, and the character of the instructions, sufficiently appear in the opinion of the Court.

Defendant moved for judgment *non obstante veredicto.*

Motion refused. Judgment for plaintiff, and appeal by defendant.

*Fred. Phillips,* for plaintiff.
*Howard & Perry* and *W. H. Johnston,* for defendant.

PEARSON, C. J. The finding of the jury disposes of the case upon the merits, except so far as it may be affected by the many exceptions taken to the ruling of his Honor.

The counsel of the defendant with commendable candor on the argument before us, relied upon only three of the exceptions.

1. The charge as to Ricks' evidence touching the execution of the deed to Elizabeth Anderson and the admission of testimony of the good character of Ricks. In the absence of any allegation or proof of fraud in the erasure and change of the date of the deed, this ruling and testimony was immaterial and did not in the slightest degree affect the merits of the case. Whether the deed when executed was dated 15th May, 1857, or had some prior date which was written over and erased by the words "15th May, 1857," in the absence of fraud, which is negatived by the jury, in either case it had precedence of the deed to Bullock 20th April, 1863, under which the defendant claims, and the matter is fully explained by the supposition that the deed had been drafted and *dated* at some time before its execution, and the true day, May 15th, 1857, was written over so as to erase the other date.

2. The declarations of Melton, made a short time before his death, to the effect that he was indebted to Elizabeth Anderson for the debt set out in the mortgage was admissible because it was against his interest at that time to admit the debt. True, he had made a deed of trust to her and he had also made a deed of trust to Bullock, but it was against his interest to admit a debt that would necessarily affect his re-

sulting trust. This may have been of slight importance, still it was for the jury to estimate its weight and say whether he was in an earnest manner telling a lie to his daughter against his own interest for the sake of helping Elizabeth Anderson to set up a false debt against him.

3. His Honor did not err in permitting the plaintiff to give evidence which tended to contradict Worsly, who had sworn that at the sale by Bullock, Mrs. Anderson did not contradict Melton when he stated in her presence that he did not owe her anything. This was not a collateral fact, but was the very point on which the case turned.

No error.

PER CURIAM. Judgment affirmed.