W. H. SHIELDS, Guardian v. MONTGOMERY T. WHITAKER, and others.

*Evidence—Negotiable Instrument—Parol Trust—Reforming Verdict—Bankruptcy.*

1. The admission of an indebtedness is evidence against one to whom the debtor has conveyed his land in trust to secure the payment of his debts.

2. A negotiable instrument, the execution of which is admitted, must be produced and filed before judgment is entered up, or else its loss must be proved, and adequate indemnity given to the parties liable thereon.

3. Where a debtor conveys land under an express verbal agreement that the same shall be held for and applied to the payment of certain debts due the grantee and others, such agreement may be proved and enforced in equity.

4. Where objection is not made in apt time, on the trial, to the sufficiency and effect of evidence, no such objection will be heard in this court.

5. No change has been made by the recent constitutional amendments which would authorize the judge to revise the verdict of the jury. He may set it aside in a proper case, but it cannot be reformed or amended.

6. A discharge in bankruptcy does not release from the obligations of a trust.

(*Morrow* v. *Allman*, 65 N. C., 508 ; *Braswell* v. *Gay*, 75 N. C., 515 ; *Wood* v. *Cherry*, 73 N. C., 110 ; *Shelton* v. *Shelton*, 5 Jones Eq., 292 ; *Turner* v. *Eford, Id.*, 106 ; *Thompson* v. *Newlin*. 3 Ired. Eq., 338 ; *Cook* v. *Redman*, 2 Ired. Eq., 623 ; *Kimbrough* v. *Smith*, 2 Dev. Eq., 558 ; *McDonald* v. *McLeod*, 1 Ired. Eq., 221 ; *McLaurin* v. *Wright*, 2 Ired. Eq., 94 ; *Franklin* v. *Roberts, Id.*, 560 ; *Allen* v. *McRae*, 4 Ired. Eq., 335 ; *Kelly* v. *Bryan*, 6 Ired. Eq., 283 ; *Clement* v. *Clement*, 1 Jones Eq., 184; *Bonham* v. *Craig*, 80 N. C , 224 ; *Briggs* v. *Morris*, 1 Jones Eq., 193 ; *Turner* v. *King*, 2 Ired. Eq., 132 ; *Whitfield* v. *Oates*, 6 Jones Eq., 136, cited, commented on and approved.)

CIVIL ACTION tried at Spring Term, 1879, of HALIFAX Superior Court, before *Eure, J.*

Judgment for plaintiff, appeal by defendants.

*Messrs. Gilliam & Gatling* and *Ihos. N. Hill*, for plaintiff.
*Messrs. S. Whitaker* and *J. B. Batchelor*, for defendants.

SMITH, C. J.   The defendants, Montgomery T. and James
H. Whitaker, the first as principal, the other as surety, on
February 21, 1860, executed to the plaintiff W. H Shields
guardian, for the use of his wards, Charles T. and Olivia N.
Lawrence, a bond in the sum of twenty-nine hundred and
seventy-five dollars, payable one day from date, on which
a small sum only has been paid.   On May 1, 1868, the said
Montgomery T. and wife executed a deed, absolute in form
and for the expressed consideration of two thousand dollars,
conveying to his brother, the defendant, Ferdinand H , a
valuable tract of land in Halifax county.   The plaintiffs
allege, and the defendants deny, that the land was conveyed
upon an express parol agreement that it should be held as
a security, and be applied in payment of the indebtedness
of the said Montgomery to said Ferdinand, and of one-half
of the amount due on said bond, which by a compromise
entered into was to be accepted in full satisfaction.   The ex-
ecution of the bond and their liability under it were admitted
by the obligors, but not by Ferdinand.   The following issues
were submitted to the jury :

1. Did M. T. Whitaker convey to Ferdinand H. Whitaker
the lands described in the complaint in trust to pay his debt
and fifty cents in the dollar of the debt due the plaintiffs ?

2. Did the defendants, Montgomery T. and James H.
Whitaker, sign, seal and deliver to the plaintiff, as guardian
of Charles T. and Olivia N. Lawrence, on February 21,
1860, their writing obligatory, wherein they promised to
pay to the plaintiff, as such guardian, twenty-nine hundred
and seventy-five dollars, one day after date with interest
thereon from said date ?

3. What payments have been made thereon and when ?

To the first two issues the jury answer in the affirmative,

and to the latter, they say "two hundred and sixty-four dollars, January 1, 1868."

On the trial before the jury several exceptions to the admissibility of evidence were taken by the defendant, Ferdinand, none by the others.

1. The bond was not produced nor its loss shown, and the defendant objected to any evidence of the indebtedness until the absence of the writing was accounted for. The objection was not sustained: The issue in reference to the bond was entirely unnecessary since the indebtedness was admitted by the only parties interested in it. If established as to the debtors, it is sufficient to raise and annex a trust to the debtor's land, conveyed to the grantee, for the reason that he takes it subject to the charge, and by means of his undertaking to discharge the trust. The question of indebtedness is not between the creditors and Ferdinand, but between them and the makers who owe, and the verdict only affirms what was not disputed by those competent to raise an objection to the kind and quality of the testimony offered. The declaration of one's liability, as against his interest and from the presumption of its truth, may be received against others. *Braswell* v. *Gay*, 75 N. C., 515.

It is manifest however the bond should be produced or its loss or destruction explained, and filed before judgment is entered up. *Morrow* v. *Allman*, 65 N. C., 508.

2. The contents of a letter from Montgomery to Shields, written pending negotiations between them for the settlement of the debt, and before the execution of the deed, were given in evidence, the original being lost, after an objection that Ferninand was not privy to the communication and ought not to be affected by it: If there were force in the objection, it would exclude proof of the arrangement by which the debt was to be secured, and the trust, created by the subsequent conveyance of the land, for its payment; and this result will follow, although the deed was made with

the full understanding of both the parties to it, that it was the mode adopted to give effect to the arrangement. The estate is acquired by Ferdinand, encumbered with the trust, and certainly its nature and extent became a proper subject of enquiry.

3. The objection to the notice given to Shields, and what was said at the time, of a proposed meeting on the premises with a view to an adjustment, is equally unfounded, as well for reasons already given, as because the meeting did take place and a proposition was made by, or with the consent of Ferdinand, to set off two hundred acres of the land to Shields in discharge of his claim.

The main point however discussed before us, and illustrated by numerous references in the brief of the defendants' counsel, is, as to the competency of parol proof to establish the alleged trust.

The question to be considered is simply this: A debtor conveys his land to one under an express verbal agreement that it shall be held and applied to the payment of certain debts of the grantor, and among them a debt due the grantee; will the latter be allowed, thus acquiring title, to repudiate his obligation and appropriate the property to his own individual use and benefit? Would not this be a gross fraud not only upon the debtor, but upon the creditors for whom he intends to provide, which a court of equity will interpose to prevent? The question seems to involve its own answer, and such in our opinion is the law declared by this court. We propose to examine some of the numerous adjudications on the subject:

In *Wood* v. *Cherry*, 73 N. C., 110, PEARSON, C. J., says: " A trust can only be made in one of four modes : 1. By transmission of the legal estate when a simple declaration will raise a trust. 2. A contract based upon a *valuable consideration* to stand seized to the use, or in trust for another. 3. A covenant to stand seized to the use of or in trust for

another upon *good consideration.* 4. Where the court by its decree converts a party into a trustee on the ground of fraud.

In *Shelton* v. *Shelton,* 5 Jones Eq., 292, land was conveyed by direction of Mary Morgan who bought and paid for it, to Vincent Shelton, son of her daughter Elizabeth, wife of an insolvent husband, subject to a verbal trust declared by said Mary Morgan, in favor of said Elizabeth for life, remainder to all her children. The trust was declared valid and enforced, PEARSON, C. J., thus explaining the doctrine: " The truth is, neither the declaration nor the implication of a trust has ever been considered as affected by that rule of evidence. The deed has its full force and effect in passing the absolute title at law, and is not altered, added to or explained by the trust, which is an incident attached to it in equity, as affecting the conscience of the party who holds the legal title. Herein a trust differs from a condition by which the estate is defeated at law upon the payment of money, for the condition affects the legal estate, and to give it force, must be added to, and constitute a part of the deed. It follows *that the class of cases in which it is held that a deed absolute on its face, may be converted into a security for money by adding a condition that the legal estate is to be void, so as to make it a mortgage upon proof of declarations and matters dehors, inconsistent with the idea of an absolute purchase, has no bearing on a question of a declaration of trust."*

In *Turner* v. *Eford,* 5 Jones Eq , 106, the plaintiff's ancestor contracted for the purchase of land, paid the money and had title made to the defendant's ancestor, on a parol trust for the plaintiff 's said ancestor, and the trust was upheld as not within the statute of frauds, but was not enforced because it was the result of a fraudulent arrangement entered into to defeat creditors, and the court would not lend its aid to either party to the transaction.

In *Thompson* v. *Newlin,* 3 Ired. Eq., 338, the antecedent trust for emancipation of the slaves bequeathed uncondi-

tionally in the will was held to be valid, and the legatee would be decreed to carry into effect the verbal directions of the testator to the legatee in that behalf. And even when, without special instructions, the testator's intention is known and assented to, the trust will be enforced. *Cook* v. *Redman,* 2 Ired. Eq., 623 ; *Mulholland* v. *York, ante.*

The cases relied upon by defendant's counsel, most if not all of them, belong to the class distinguished by the late Chief Justice from that before us, in which the plaintiff proposes to reform and correct the deed upon the ground of fraud, ignorance, mutual mistake, or undue advantage, of which mere declarations are insufficient, and proof of matter *dehors,* incompatible with the idea that it embodies the intent of the parties, is required before the court will interfere. *Kimbrough* v. *Smith,* 2 Dev. Eq , 558; *McDonald* v. *McLeod,* 1 Ired. Eq., 221; *McLaurin* v. *Wright,* 2 Ired. Eq., 94; *Franklin* v. *Roberts, Id.,* 560 ; *Allen* v. *McRae,* 4 Ired. Eq , 325 ; *Kelly* v. *Bryan,* 6 Ired. Eq., 283 ; *Clement* v. *Clement,* 1 Jones Eq., 184 ; *Bonham* v. *Craig,* 80 N. C., 224.

In *Briggs* v. *Morris,* 1 Jones Eq., 193, the defendant bought the land at public sale under an arrangement previously entered into with the plaintiff, by which he was to buy the land and reconvey on payment of the purchase money. This was made known to the by-standers who in consequence refrained from bidding, and the land was bought at an under-value. The court assimilates the case to that of an application to enforce a deed *inter partes* and engraft upon it a *proviso* for redemption, and dismissed the bill. But the attention of the court seems not to have been directed to the fraud involved in holding the property thus obtained, for the defendant's individual use, out of which the court will create a trust, and the decision is not, in this view, in harmony with *Turner* v. *King,* 2 Ired. Eq., 132.

In *Whitfield* v. *Cates,* 6 Jones Eq., 136, it is declared the case is not one of a parol trust, but of an attempt to annex

a new condition to the deed, and does not fall within the principle decided in *Shelton* v. *Shelton, supra.*

But it is urged that there ought to have been and was not proved, any outside fact in corroboration of the declarations and without this no trust will arise : There was no objection to the sufficiency and effect of the evidence, when introduced to set up the plaintiff's equity, and it cannot now be heard. But we do not concede the proposition that there was no outside fact shown in confirmation of the alleged trust. The agreement for a compromise of the plaintiff's debt at one-half its amount seems not to have been denied. The plaintiff is sent for ; meets the two brothers on the premises ; is offered, instead of an uncertain security for one-half the debt, an absolute conveyance of two hundred acres of the land. Is this no recognition of the plaintiff's interest in the land ?

The defendant, Ferdinand, does not explicitly state how he paid the purchase money, or why he paid when his brother then owed him between four and five thousand dollars, of which he says the purchase money was not a part. The land was worth much more than the sum specified as the consideration, and Montgomery on his return from Baltimore, entered into and held possession as before, paying a very inconsiderable sum for use and occupation. Are no inferences to be drawn from these facts of an understood and existing trust attaching to the conveyance ? The matters however are for the consideration of the jury and are adverted to only to meet the argument that there was no evidence of any fact *dehors* the declarations in their support. The competency and effect of evidence are subject to review but its sufficiency, when admitted to establish a fact, belongs to the jury to determine.

It is further contended that under the recent constitutional amendment, the court is not bound by the finding of the jury, and may look into the evidence and correct the

verdict.   The suggestion is a novel one, we presume, never contemplated by those who made the organic changes in the law, and as little within their purview.   The verdict of a jury may be set aside in a proper case, but it cannot be reformed or amended.

The defence of the discharge in bankruptcy set up by the defendant, Montgomery, is not pertinent, as it is not proposed to hold him liable for the debt or any part of it, but to assert and enforce a trust upon the land he has parted with.   This is the scope and purpose of the suit.

We have given the case full and careful consideration, after retaining it over one term for an *adversari*, in view of the important principle involved, and have arrived at the conclusion that there is no error in the record, except, in that, no judgment should have been entered until the bond is filed or its absence explained, and in the latter case, if lost, upon giving an adequate indemnity to the party liable. Thus modified the judgment must be affirmed, and this will be certified.

PER CURIAM.                                    Modified.