OAK HALL CLOTHING COMPANY v. ANTHONY BAGLEY.

(Filed 4 March, 1908).

1. **Power of Court—Judgments Continued—Subsequent Term—Consent of Parties.**

   The Judge below has no power to continue motions for judgments upon or to set aside verdicts to be passed upon by him at a subsequent term of court, without the consent of the parties litigant.

2. **Same—Amendment of Record.**

   It is practically an amendment of the record at a subsequent term when the Judge finds, at the succeeding term, that the parties litigant consented that motions respecting judgment at the former term should be continued.

3. **Power of Court—Verdict Set Aside—Discretion.**

   When the Judge below sets a verdict aside, in his discretion, as being against the weight of the evidence, his action is not the subject of review upon appeal.

4. **Appeal and Error—Case on Appeal not Served.**

   In the absence of case on appeal duly served, the Supreme Court cannot pass upon the correctness of the charge of the Judge below, sent up with the judgment appealed from, continuing, without the consent of the parties litigant, the motions upon verdict rendered to a subsequent term.

CIVIL ACTION for the recovery of a money demand, heard at March Term, 1907, of the Superior Court of MARTIN County, before *Biggs, J.,* and a jury.

The court submitted the following issues:

"1. Is the defendant indebted to the plaintiff? If so, in what amount?" Answer: "Three hundred and ninety-two dollars and eighteen cents, with interest on $362.18 from 3 September, 1895, and interest on $29 from 15 July, 1900."

"2. Is the plaintiff's cause of action barred by the statute of limitations?" Answer: "No."

The record contains the following entry at said term: "Plaintiff moves for judgment. Defendant moves to set aside verdict. Both motions continued until next term of court."

At June Term, 1907, his Honor, *J. Crawford Biggs,* Judge presiding, the following order was made, verbally: "Motion to set aside verdict at March Term, 1907. Motion allowed. Verdict set aside for errors made in the charge. New trial ordered. The plaintiff appeals from this judgment. Martin County—In the Superior Court, June Term, 1907. *Oak Hall Clothing Company v. Anthony Bagley.* In this cause the defendant's motion to set aside the verdict rendered at March Term, 1907, and the plaintiff's motion for judgment upon the verdict having been both continued by consent, to be heard at the June Term, 1907, the court, upon consideration of the motions, sets the verdict aside in the exercise of its discretion, upon the ground that the verdict was against the weight of the testimony, and upon the further ground of error in the instructions to the jury. *J. Crawford Biggs, Judge.* 22 June, 1907."

From this judgment the plaintiff appealed.

*Winston & Everett* for plaintiff.
*Gilliam & Martin* for defendant.

BROWN, J. The defendant moves to dismiss the appeal because no case on appeal has been served. The plaintiff contends that, without any case on appeal, there is error apparent upon the record, and that his Honor, *Judge Biggs,* should have rendered judgment in plaintiff's favor upon the issues, and assigns such refusal as error. His Honor had no right to set aside the verdict at the succeeding June Term, although the said Judge held both terms, unless the parties to the action had consented to the continuance of such motion to the June Term. At June Term the Judge finds as a fact that such consent had been duly given at March Term, and that finding, entered of record, is practically an amendment of the record at March Term.

We cannot review the exercise of his Honor's discretion in granting a new trial upon the ground that the verdict is

against the weight of the evidence. Nor can we review the correctness of his instruction to the jury, in the absence of a case on appeal duly served and settled. Upon the face of the record before us, we find no error in his Honor's denial of plaintiff's motion for judgment. Let the costs of this Court be taxed against the plaintiff.