## MOUNTAIN STATE MICA COMPANY v. J. E. BURLESON MINING COMPANY.

(Filed 13 December, 1922.)

1. **Verdicts—Motion to Set Aside—Discretion of Court—Courts—Appeal and Error—Trials.**

A motion before the trial judge to set aside a verdict and award a new trial on the ground that the verdict was contrary to the weight of the evidence is addressed to the legal discretion of the judge, and his denying the motion is not reviewable on appeal when no abuse of discretion is shown.

2. **Appeal and Error—Evidence—Fraud—Instructions—Verdict.**

Where the defense to an action to recover upon the notes sued on is fraud in the procurement of the notes, and the evidence is conflicting, an

exception by plaintiff that the judge failed to charge the jury that there was insufficient evidence of the fraud comes too late after a verdict in defendant's favor to be considered on appeal.

APPEAL by plaintiff from *Bryson, J.,* at the April Term, 1922, of MITCHELL.

*M. L. Wilson, McBee & Berry,* and *Hudgins, Watson & Washburn* for plaintiff.
*Charles E. Greene, W. C. Newland, S. J. Ervin,* and *S. J. Ervin, Jr.,* for defendant.

ADAMS, J. On 10 March, 1920, the plaintiff sold to the defendant a lease on the Clarissa Mica Mine at the agreed price of $20,000, of which one-fourth was paid in cash and the remainder evidenced by three promissory notes, each in the sum of $5,000, payable respectively four, eight, and twelve months after date. The defendant paid the first two of these notes and declined to pay the third. The plaintiff then brought suit, and the defendant resisted judgment on the ground that the execution of the note had been procured by the fraud of the plaintiff's officers and agents. The execution of the note was admitted. The jury answered the issue as to fraud in favor of the defendant, and assessed its consequent damage at $5,000. Before the judgment was signed, the plaintiff made a motion to set aside the verdict and award a new trial on the ground that the verdict was contrary to the weight of the evidence. The motion was overruled, and the plaintiff excepted. The denial of this motion was discretionary and not appealable, no abuse of discretion being shown. *Clothing Co. v. Bagley,* 147 N. C., 37; *Cates v. Tel. Co.,* 151 N. C., 498. No other reason was assigned before judgment as ground for a new trial; but in the case on appeal appear certain exceptions to his Honor's instructions to the jury. These instructions relate to the issue of fraud, and the only ground of the exceptions is that his Honor did not charge the jury that the evidence on this question was not sufficient to warrant its submission to the jury. While the testimony of the witnesses was conflicting, there was evidence of fraud; but, at any rate, when the objection that the evidence is not sufficient is first made after the verdict it is too late, and will not be considered. A party who voluntarily submits his cause to a jury upon evidence to which no objection is made cannot, after taking his chances, be heard to complain that such evidence was insufficient. *Shields v. Whitaker,* 82 N. C., 516; *Leggett v. Leggett,* 88 N. C., 114; *Hemphill v. Hemphill,* 99 N. C., 441; *Holden v. Strickland,* 116 N. C., 185.

We find no error which entitles the plaintiff to a new trial.

No error.