HARDY ALSTON v. DISTRICT GRAND HOUSEHOLD NO. 10 OF THE G. U. O. OF ODDFELLOWS OF NORTH CAROLINA.

(Filed 25 February, 1925.)

1. **Courts—Discretion of Court—Evidence—Motion to Set Verdict Aside.**

   In the absence of its abuse, the refusal by the trial judge of a motion to set aside a verdict as being against the weight of the evidence, is addressed to his sound discretion, and is not reviewable on appeal.

2. **Insurance—Evidence—Policies—Receipt Cards.**

   In an action to recover upon a policy issued by an insurance order, the receipt card of the company, referred to in the policy, is competent as evidence of the payment of the premiums.

3. **Evidence—Prima Facie Case—Nonsuit.**

   Defendant's motion as of nonsuit upon the evidence is properly denied if plaintiff has made out a prima facie right to recover.

**4. Appeal and Error—Harmless Error—Instructions.**

> The introduction of irrelevant and immaterial evidence upon the trial is not reversible error when the charge of the court renders it nugatory.

APPEAL by defendant from *Bond, J.,* at September Term, 1924, of WARREN.

From judgment upon verdict of the jury finding that defendant is indebted to plaintiff in the sum of $158.00, defendant appealed, assigning errors based upon exceptions duly noted during the trial.

*Daniel, Daniel & Daniel and Polk & Polk for plaintiff.*
*T. T. Hicks & Son for defendant.*

PER CURIAM. On 20 April, 1916, defendant issued its policy of insurance to Ida Alston by which it agreed to pay to Hardy Alston, her husband, the sum of $125 upon her death, at any time after the expiration of three years from the date of the policy, provided she paid the monthly premiums in accordance with the terms of the policy. It is provided in the policy that the "receipt card containing the entries of premiums paid shall be exhibited on demand to the officers or authorized agents of the company." It is further provided therein that "any member becoming in arrears exceeding four weeks will forfeit all amounts paid to the company and all rights under the policy. After such forfeiture, upon payment of all arrears, the insured, being in good health, may be reinstated with the consent of the company as evidenced by the endorsement of an officer of the company on the policy or attached thereto."

Ida Alston, the insured, died on 29 July, 1923; plaintiff, as beneficiary, made demand upon defendant for payment of the amount due and upon denial by defendant of all liability, on 14 April, 1924, instituted this action.

Plaintiff contends that defendant is indebted to him in the sum of $125 in accordance with the terms of the policy and the further sum of $8.00, sick benefit and $25.00, funeral benefit, in accordance with contract as evidenced by the receipt card referred to in the policy. Defendant denies liability on the policy, contending that insured forfeited all rights under said policy by becoming in arrears for premiums exceeding four weeks prior to February, 1923. Defendant further denies liability for sick or funeral benefits, denying that same are within the terms of the contract. There was evidence sufficient to sustain the allegations and contentions of plaintiff; the motion to set aside the verdict was addressed to the discretion, vested by law, in the judge presiding. We cannot hold that there was any abuse of this discretion,

and the denial of the motion is therefore not subject to review upon appeal to this Court.

Defendant's first and second exceptions to the introduction of the receipt card are not sustained. There was evidence that the card offered by plaintiff was the card furnished to the insured in accordance with the provisions of the policy; it was therefore competent as evidence.

Exceptions three and four are to the testimony of plaintiff that Hugh Williams paid his wife during her sickness $1.00. His Honor expressly instructed the jury that this was to be considered by them only as establishing the fact that Hugh Williams paid insured $1.00. There was no evidence showing any connection between Hugh Williams and the defendant. The fact, therefore, is not relevant to this controversy. The evidence, however, was not prejudicial to defendant.

Defendant's motion for nonsuit was properly overruled. There was evidence sufficient to establish plaintiff's prima facie right to recover; *Lyons v. Knights of Pythias,* 172 N. C., 408.

His Honor instructed the jury that the burden was upon the plaintiff to prove by the greater weight of the evidence the fact of the debt and the amount thereof. The jury upon competent evidence has returned verdict in favor of the plaintiff and there was judgment in accordance with the verdict. We have carefully considered each of defendant's assignments of error. We find no errors in the record based upon exceptions, entitling defendant, as a matter of law, to a new trial.

There is
No error.