C. A. ANDERSON v. CALVIN MORRIS AND JAMES B. MORRIS.

(Filed 23 November, 1932.)

**1. Appeal and Error J b—Record in this case showed that verdict was set aside in discretion of court from which no appeal will lie.**

Where the trial judge refuses a motion to set aside a verdict as a matter of discretion and later grants a motion to set aside on the ground that the verdict was against the weight and credibility of the evidence, also as a matter of his discretion, and later refuses a motion to make the record show that he had set it aside as a matter of law, the entry to that effect necessarily implies that the verdict was set aside as a matter of discretion, and no appeal will lie from his order.

**2. Appeal and Error J g—Where order setting aside verdict is upheld exceptions to charge and refusal to nonsuit will not be considered.**

Where an order of the court setting aside the verdict is not disturbed on appeal, exceptions relating to the court's instructions to the jury and to a motion of nonsuit will not be considered, no final judgment having been rendered.

APPEAL by defendants from *MacRae, Special Judge,* at April Term, 1932, of MECKLENBURG.

*Boone D. Tillett, Cansler & Cansler and M. C. Moysey for plaintiff.*
*C. H. Gover and William T. Covington, Jr., for defendants.*

ADAMS, J. The plaintiff brought suit to recover damages for injury to his person and his property resulting from the collision of an auto-

19—203

mobile owned by James B. Morris and driven by Calvin Morris, his son, a minor, with a Plymouth coupe owned and operated by the plaintiff. The cause came on for hearing and the court submitted to the jury issues involving the usual questions of the defendants' negligence, the plaintiff's contributory negligence, and damages. In response to the first issue the jury found that the plaintiff had not been injured by the negligence of the defendants as alleged, and left the two remaining issues unanswered.

When the verdict was returned the plaintiff moved that it be set aside as a matter of discretion. The motion was overruled. The plaintiff then moved that it be set aside as being contrary to the weight of the evidence and the motion was allowed. Sometime afterwards the defendants, by consent, requested the court to amend or modify this order so as to make it appear that the verdict had been set aside as a matter of law and not as a matter of discretion. The request or motion was resisted by the plaintiff and the court made this entry: "The record will have to stand as it is. I refuse to insert in there 'as a matter of law,' and the Supreme Court will have to construe my first order." The defendants excepted.

Granting, as said in *Abernethy v. Younts*, 138 N. C., 337, that the action of a judge in setting aside a verdict will not be ascribed to discretion unless he plainly says so, or there is no other explanation of his conduct, we are of opinion that the foregoing entry clearly indicates that the presiding judge did not set aside the verdict as a matter of law. The only alternative was the exercise of discretion. The asserted inconsistency between the orders, if apparent, is in fact not controlling. This Court has repeatedly and consistently held that the trial court in setting aside a verdict on the ground that it is against the weight of the evidence exercises a discretionary power which in the absence of abuse is not subject to review on appeal. Vacating a verdict on this ground depends on such a variety of circumstances that it is impossible to prescribe a fixed rule of law by which the subject can be regulated. *Armstrong v. Wright*, 8 N. C., 93; *Edwards v. Phifer*, 120 N. C., 405; *Wood v. R. R.*, 131 N. C., 48; *Clothing Co. v. Bagley*, 147 N. C., 37; *Bouldin v. Daniel*, 151 N. C., 283; *Mica Co. v. Mining Co.*, 184 N. C., 490; *Alston v. Odd Fellows*, 189 N. C., 204; *Hardison v. Jones*, 196 N. C., 712; *Acceptance Corporation v. Jones, ante*, 523.

As no final judgment has been rendered we need consider neither the instructions to the jury nor the motion for nonsuit.

No error.