FRED THOMAS ROUSE, JR., MINOR, BY HIS NEXT FRIEND, FRED THOMAS ROUSE, SR., v. FRED HAMILTON SNEAD, JR.

AND

FRED THOMAS ROUSE, SR., v. FRED HAMILTON SNEAD, JR.

(Filed 8 March, 1967.)

Trial § 51—

A motion to set aside a verdict on the ground that it is contrary to the weight of the evidence must be made and heard at the trial term unless the parties consent that it be heard thereafter, and where the motion is made and denied at the trial term, agreement of the parties that the court could sign the judgment at the succeeding term does not authorize the court to grant the motion to set aside the verdict at the succeeding term, and the court's order doing so must be vacated and the cause remanded for entry of judgment on the verdict.

APPEAL by plaintiffs from *Fountain, J.,* December 5, 1966 Criminal Session of NEW HANOVER.

These two civil actions for the recovery of damages resulting from a collision between two automobiles were consolidated for trial at the November 1966 Civil Session of the Superior Court of New Hanover County. In December 1966, the jury returned a verdict awarding damages to each plaintiff. Defendant immediately moved that the verdict be set aside. The court overruled the motion, and the parties agreed that Judge Fountain could sign the judgments on Monday, December 5, 1966, when he returned to the county to hold a two weeks' criminal session. Thereafter, upon further con-

sideration, Judge Fountain concluded that the verdict was contrary to the greater weight of the evidence. On December 8, 1966, he signed an order in which he purported to vacate the verdict and to order a new trial. Plaintiffs objected and excepted to the order and simultaneously gave notice of appeal. Judge Fountain signed the appeal entries at the time he signed the order setting aside the verdict.

*Aaron Goldberg and James L. Nelson for plaintiffs.*
*Marshall & Williams for defendant.*

PER CURIAM: A motion to set aside a verdict because it is against the greater weight of the evidence must be made and heard at the term (or session) at which the case is tried, G.S. 1-207, unless the parties give their express or implied consent that it may be heard thereafter. *Acceptance Corp. v. Jones,* 203 N.C. 523, 166 S.E. 504; *Bailey v. Mineral Co.,* 183 N.C. 525, 112 S.E. 29; *Stilley v. Planing Mills,* 161 N.C. 517, 77 S.E. 760; *Clothing Co. v. Bagley,* 147 N.C. 37, 60 S.E. 648; 2 McIntosh, North Carolina Practice and Procedure § 1595 (2d Ed. 1956). See also *Edwards v. Motor Co.,* 235 N.C. 269, 69 S.E. 2d 550. On this record plaintiffs gave no consent to a continuance of defendant's motion to set aside the verdict. Indeed, it affirmatively appears that the motion had already been heard and determined at the session at which the trial was held. Only the ministerial act of signing the judgments was delayed until December 5, 1966, at which time each plaintiff was entitled to judgment on the verdict. In setting aside the verdict after the civil session at which it was rendered, the judge exceeded his authority.

The order entered by Judge Fountain on December 8, 1966 is vacated and the cause remanded for entry of judgments on the verdict. At that time, defendant, if so advised, may give notice of appeal. G.S. 1-277.

Error and remanded.