NOEL J. FALKNER *v.* SAMUEL R. HUNT.

An agreement of parties, that the decision of the Judge below, upon a question of fact submitted to his determination, shall be final and conclusive, does not deprive either party of their right of appeal, and of having the case heard *de novo* in this Court.

Where a case has been pending in the Supreme Court since July, 1871, and after this Court had ordered issues of fact to be made up and tried in the Court below, it is too late to contend, that such issues were, by consent of parties, finally determined by his Honor below.

Our Superior Courts are always open for the transaction of business, and the Judges of those Courts have a right to hear and determine upon questions of amending records at Chambers, as well as in term time.

(*Fagan* v. *Jacocks*, 4 Dev. 263 ; *Mason* v. *Mills*, 63 N. C. Rep. 564, cited and approved.)

MOTION to amend the record of a suit between the parties still pending in this Court, heard and determined by *Watts, J.,* at Chambers, 15th June, 1872.

The suit commenced in the Court of Equity of Granville county by original bill, and under the provisions of the Code of Civil Procedure, was removed into the Superior

Court of said county. At the July (Special) Term, 1871, of that Court, it came on to be heard before his Honor, Judge Watts, upon the proofs, pleadings, &c.—no issues being settled or made up to be submitted to a jury and no jury being empannelled therein. Upon the hearing, the plaintiff, Falkner, obtained a decree in his favor, and the defendant appealed.

The suit is yet undecided in this Court, issues having been made up and sent down to the Superior Court, to be determined by the finding of a jury.

On the 15th June, 1872, the plaintiff, after notice, and upon affidavit, moves his Honor, that the record of the Superior Court, made in the cause at the July Term, 1871, when the decree was obtained, be so amended as to show that the issues of fact raised by the pleadings, were by the consent of the parties, referred to his Honor then presiding, and were by him, then and there, determined in favor of the plaintiff. His Honor allowed the motion, and ordered the record to be amended as follows, by inserting the words· " By consent of parties to this cause, the facts put in issue by the pleadings are submitted for final determination to the Hon. Samuel W. Watts, the Judge presiding, and his finding thereon shall be conclusive on the parties;" and further directing that the Clerk of said Superior Court now in session, transmit a certified copy of the record thus amended, to the Supreme Court.

From this order, allowing the record to be amended, the defendant appealed.

*Lanier, Fowle* and *Snow,* for appellant.
*Hargrove, Busbee & Busbee* and *Batchelor & Son,* contra.

BOYDEN, J. The hearing of this case took place at the Special Term of Granville Superior Court in July, 1871, and from the decision of his Honor, in open Court, the

counsel on each side being present, a general appeal, without objection on the part of the Court or counsel for the plaintiff, was taken to the Supreme Court, and the case has been pending in this Court up to this time. This was an old equity suit, which was to be proceeded with up to the final decree, according to the practice in use at the time of the adoption of the new Constitution and the C. C. P.

By that practice his Honor must have decided the facts as well as the law, unless there was such a conflict of testimony, that he deemed it expedient to order issues to be submitted to the jury, for the purpose of enlightning his conscience, upon the disputed facts. And from the decision of his Honor in the Court below, either party had by *law* the right to have the cause heard *de novo* in this Court, unprejudiced by the decision below; and this raises the question as to the legal effect of an agreement of the parties, that the decision should be final and conclusive upon the facts, and deprive the parties of their right of appeal and review in this Court.

This Court holds that such an agreement, if established beyond a doubt, would not and could not deprive the parties of the right the law, as it then stood, gave to them, to appeal to this Court and here have the whole case heard *de novo*. This is settled by the case of *Fagan* v. *Jacocks*, 4 Dev. 263. That was a case at law, and the parties had agreed that the cause might be decided upon the same principles as though it was pending in a Court of Equity. His Honor, the late Judge GASTON, in delivering the opinion of the Court, says: " We do not conceive that this agreement of the parties could bestow upon the Court an authority to decide the case by any other principles than those which the law prescribes for its decision."

Suppose a defendant was on trial for murder or other crime, and his counsel should be so unmindful of his duty as, with the approbation of his client, to enter into a solemn

agreement that his Honor should try the case, and that his decision should be final and conclusive. Would any counsel attempt to maintain in this Court, when the defendant had taken an appeal, that we must refuse to hear his case and dismiss his appeal? In the case now before the Court we are of opinion that the amendment of the record can have no such effect as to deprive the defendant of having his cause heard *de novo* in this Court, upon both the facts and the law, even if the objection had been taken in apt time. But the Court is further of opinion that it was too late to take any such objection as to a hearing in this Court, after the cause had pended in this Court, since July, 1871; and after this Court had, at a previous term, ordered issues of fact to be made up and tried at the Court below.

As to the amendment of the record, it has already been settled in this Court that as our Superior Courts, as now constitued, are always open for the transaction of business, his Honor had a right to hear and determine upon the question of amending the record, at chambers, as well as in term time. *Mason* v. *Miles,* 63 N. C. Rep. 564.

Upon affidavit filed, it is ordered that the issues be sent to the Superior Court of Franklin, there to be tried by a jury. No costs allowed.

PER CURIAM. Order accordingly.