NOEL J. FALKNER *v.* SAMUEL R. HUNT and others.

Where, upon the hearing of a Bill in Equity under our former system, this Court sends down issues to be tried by a jury, and the jury finds the issues in favor of the plaintiff, and afterwards A, assignee of the defendants, upon affidavit moves the Court for a new trial, the motion will not be granted where the affidavit of A is contradicted by two affidavits of the plaintiff, although the matter alleged in the affidavit of A be sufficient ground for a new trial.

Where A and B entered into an agreement by the terms of which B was to buy a tract of land of C, on which was a mill seat and mill, and they were to build the mill anew, A was to do the work and B to furnish the materlal and money, and out of the profits they were to pay for the land and reimburse B for his outlay, and pay the plaintiff for his work, and afterwards they were to share the profits or losses equally as partners, and in pursuance of the agreement the land was bought and the mill built, and became profitable, and B received the profits, reimbursed himself and paid for the land: *Held*, That A was entitled to an account as a partner, and that it was not necessary that the contract should be in writing.

This was a BILL IN EQUITY, under our former system, and was heard upon appeal in this Court at January Term, 1873, when upon the hearing the following issues of fact were sent to the Superior Court of Franklin county to be tried:

1. Whether said Hunt purchased said land in pursuance and execution of said contract entered into between him and said Falkner before the said purchase, that said Hunt should purchase the same and he and said Falkner should erect a mill and carry on the milling business on said land, or whether it was after said Hunt purchased said land that he entered into a contract with said Falkner in relation to building a mill and carrying on the milling business on the said land?

2. Whether it was agreed between said Hunt and said Falkner in their contract relating to building said mill and carrying on the milling business on said land, that first deducting the ordinary expenses out of the profits of said mill, after

paying, out of the residue of said profits, for said land and the work in building the said mill, and the timber and irons used in building the same, then upon the completion of said payment, whenever it might happen, the whole of said land and the said mill should be held by said Hunt and said Falkner as equal partners ?

3. Or whether it was agreed between the said Hunt and the said Falkner in their contract relating to building said mill and carrying on the milling business on said land, that if at the end of four years, when the last payment for said land fell due, the said mill had made enough to pay for the cost of the mill and land, with interest thereon, for the cost of building, for the timber and irons and other fixtures, the miller's wages, and for every other expense in building and conducting the mill up to that time, then said Falkner might come in as a partner ; but if at the end of four years it failed to do so, then said Falkner should have a fair price for his labor and services, and should have no further connection with the business.

4. Whether it was agreed between said Hunt and said Falkner in their contract relating to building said mill and carrying on the milling business on said land, that said Falkner should in any event be a partner in said mill and the whole of said land, or only in said mill and mill seat and the appurtenance thereto, and so much of said land as should be needed for the purposes of building and operating said mill and carrying on said milling business ?

5. If the terms of the said contract between the said Hunt and the said Falkner relative to said land and mill·and milling business were not as above said, then what were the terms and conditions of the said contract ?

The case, so far as decided in this Court at January Term, 1873, is fully reported in 68 N. C. Rep., 475.

The issues were found in favor of the plaintiff and returned to this Court. All other facts necessary to an understanding of the case as decided, are stated in the opinion of the Court at this term.

*Lanier, Fowle* and *Snow,* for the appellants.
*Busbee & Busbee, Batchelor* and *Hargrove,* contra.

READE, J.   This was a bill in equity under the old system to set up and settle a partnership, the plaintiff alleging that he and the defendant Hunt, had entered into an agreement, by the terms of which Hunt was to buy for them a tract of land of the defendant Young, on which was a mill-seat and mill; and they were to build the mill anew, the plaintiff doing the work and the defendant Hunt furnishing the materials and money, and out of the profits they were to pay for the land, and reimburse Hunt for his outlays, and pay the plaintiff for his work; and then they were to share the profits or losses equally as partners; that the land was bought, mill built, was profitable.   Hunt received the profits, reimbursed himself, paid all but a small balance for the land to Young, plaintiff has not been paid, and prays that the partnership may be declared, and the defendant Hunt compelled to account; and that the land and mill be sold, and out of the proceeds the balance to Young be paid, and that Young who still holds the title, may be compelled to make title, &c.

The answer of Hunt denies the partnership, and states the contract to have been that plaintiff and himself agreed to build the mill, and if in four years the profits paid off every thing, then the plaintiff might come in as a partner, otherwise he was to be paid a fair price for his labor, and there his connection with it was to end; that the profits had never been sufficient to pay out; and therefore the plaintiff is not a partner.   As for the land, Hunt says that he bought it for himself without any agreement with the plaintiff, and prior to the agreement to build the mill, and he relies upon the statute making void parol contracts for the sale, &c., of land.

The cause was set for hearing and heard, and his Honor below found the facts to be as stated in the bill, and directed an account, &c., from which the defendant Hunt appealed.

In this Court, because we preferred not to try the facts, we directed issues to be tried by a jury in Franklin county, and the jury found all the issues for the plaintiff, as his Honor had done, and the issues are returned to this Court.

And now at this term, George B. Harris, who says he is the assignee of Hunt and the real party in interest, moves for a new trial for causes set forth in his affidavit filed. If the causes set forth were sufficient if true, still we could not grant a new trial, for the reason that his affidavit is plainly contradicted by two affidavits filed by the plaintiff, so that we have to refuse the motion for the reason that the causes assigned do not exist.

We are satisfied with the finding of the issues by the jury, (which will be set out by the Reporter) and with the finding of the facts by his Honor below ; and also with his ruling, that the statute of frauds did not apply. And his judgment is in all things approved.

This will be certified, to the end that there may be an account of the partnership and of the balance due Young for the land, and a sale of the land, and if need be, an account of the funds in the hands of the receiver, and such further proceedings as may be necessary, and according to the course and practice of the Court.

There is no error. This will be certified.

PER CURIAM.                                    Judgment affirmed.