NOAH LEGGETT v. ALFRED LEGGETT.

*Jurisdiction of Supreme Court over Issues of Fact and Questions of Fact—Trial by Jury—Purchaser—Parol Trust.*

1. Whether, under the provisions of the amended constitution in reference to the jurisdiction of the court over "issues of fact" and "questions of fact," a party has the *right* to have a cause, heretofore cognizable only in a court of equity, tried by the court without the intervention of a jury— *Quære.*

2. But where, in such case, a party has of his own accord accepted a trial by jury, he cannot afterwards have the same facts passed upon by the court.

3. Where the defendant, in pursuance of a previous understanding, bought land for the joint benefit of the plaintiff and himself—the plaintiff paying a large portion of the purchase money and contributing equally to the employment of a common counsel in the management of the matter— both parties being mutually interested—and the defendant procured the deed to be made to himself alone; *Held,* that the plaintiff is entitled to an execution of the parol trust, and to that end, to have the defendant declared a trustee for his benefit.

---

LEGGETT *v.* LEGGETT.

---

4. This case is distinguishable from *Turner* v. *Eford,* 5 Jones' Eq., 106, since here, the plaintiff is not attempting to have a fraudulent contract enforced, but an agreement subsequent and wholly disconnected.

(*Shields* v. *Whitaker,* 82 N. C., 516; *Turner* v. *Eford,* 5 Jones' Eq., 106, cited and approved.)

CIVIL ACTION tried at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*

In 1871, Henry Leggett died in Beaufort county seized of several parcels of land, which for want of lineal heirs descended to his brothers and sisters, eight in number, and including both the plaintiff and the defendant. Subsequently to his death, though at different dates, the plaintiff and defendant executed deeds, whereby they purported to convey their respective interests in the estate of their brother to one Harper H. Coor.

In 1872, certain of the heirs filed their petition in the superior court, seeking to have the lands sold for partition. To this petition, neither the plaintiff nor defendant were parties, but the said Coor, as having purchased their shares, was made a party defendant. The proceeding pended until spring term, 1874, when an order of sale was made, and the clerk of the court was appointed a commissioner to make the sale, which he did in July of that year upon a credit of twelve months, reserving the title until the purchase money was paid. The sale was afterwards confirmed by the court, with directions to make title to the purchasers upon the payment of the purchase money.

During the pendency of the proceedings, the said Coor made a deed to the defendant, purporting to convey to him all the interest which he (Coor) had acquired in the estate of the said Henry, but still, the defendant was not made a party to the proceeding.

Amongst the lands so sold was a tract known as the "Biggs tract," and containing 210 acres, which was bid off by the defendant at the price of $635; of this sum $127 was paid in cash on the day of sale, and the defendant gave a bond for the residue with the plaintiff and the said Coor as sureties. This balance

was afterwards paid to the commissioner, from whom the defendant procured a deed in his own name.

In his complaint, the plaintiff alleges that it was expressly agreed between the defendant and himself that the land should be bought for the benefit of them both, to be held according to the amount they might each contribute to the purchase money; that accordingly they both attended the sale, and the land was really purchased by the defendant for their mutual benefit, and with this understanding, the plaintiff furnished the money to make the cash payment of $127; that notwithstanding his deed to Coor, the plaintiff had a full share in the lands of his brother which were sold, amounting to the sum of $178.32, which was afterwards applied as a credit on the note given for the purchase money, and that he also made another cash payment of $151.36, and that all that was ever contributed by the defendant was his share in the lands, amounting to $178.32; that notwithstanding their agreement, and the fact that the plaintiff had contributed so largely towards the payment of the purchase money, the defendant had fraudulently procured the deed to the whole land to be made to himself, and refuses to recognize him as having any interest therein; and the prayer of the complaint is that the defendant be declared a trustee for the plaintiff, and be required to convey to him two-thirds of the land so purchased.

In his answer, the defendant denies that there was any such agreement as that alleged by the plaintiff, and avers that he bought the land for his own sole use and benefit, and that he has paid for the same out of his own money, and without any help on the part of the plaintiff, or any understanding that he should help.  He admits that about that time he received several sums of money from the plaintiff, but these were paid him for horses and other property sold to the plaintiff, and for which there is still a balance due him from the plaintiff.

On the trial, the plaintiff was examined as a witness, and testified substantially the same with the allegations set forth in his complaint, except that he added that the deed which he had made

to Coor for his interest in his brother's estate, was without consideration, and was intended to be for his own use and benefit, which fact was well understood and agreed to by both Coor and the defendant. He also stated that on the very day of the sale the defendant admitted to the clerk, who as commissioner was making the sale, that he was purchasing for the joint benefit of himself and the plaintiff, and that the latter was entitled to a full share of one-eighth in the lands belonging to the estate of their deceased brother, and that the same was to go as a credit upon the purchase money of the "Biggs tract." He also testified that certain notes which he had given to the defendant, and upon which judgments had been taken, were obtained from him while drinking, and that he had received nothing of value for them, and had never bought any horses or mules from the defendant; and also, that he had not authorized the defendant to have the deed made to himself, or to tell Mr. Brown, their counsel, to allow it to be so made.

Further evidence was offered on the part of the plaintiff as follows:

G. H. Brown, Jr., testified that he was employed by the plaintiff and defendant as their attorney, in the proceedings for partition, and did not know Coor in the matter at all; that he was present at the sale when the defendant bid off the land, and plaintiff was also present, and his share and that of the defendant in the whole of the lands sold, were credited on the purchase money for the Biggs land; that some time after the sale, the defendant came to the office of witness, and said that the plaintiff had instructed him to tell the witness to have the deed for the land made to himself alone; that witness thereupon inquired why that should be, as it was understood that he had bid off the land for both the plaintiff and himself, to which the defendant replied that he had made it all right with the plaintiff; that acting upon this assurance, he had instructed the clerk to make the deed to the defendant, and that for his services in the matter he was paid equally by both of the parties.

John Dudley testified that at the time of the sale and when the land was bid off, he was told by both plaintiff and defendant that the latter had bid it in for their mutual benefit; that sometime after the sale, while the defendant was living with the witness, he went to town, and when he returned, said that he had a deed for the whole land; witness asked him if the plaintiff had not paid for it, when he replied, "Yes," that he had paid his share in the lands, and every cent that was paid, except defendant's own share in the lands, but that the plaintiff was owing a good deal outside.

The clerk (the commissioner who made the sale) testified that the defendant had come to him with the deed prepared, and he had signed it because he knew that Mr. Brown was the attorney of both parties, and he therefore supposed it to be all right.

The defendant introduced H. H. Coor as a witness, who testified that the deed from the plaintiff to himself for the interest of the former in the lands of his brother, was for a valuable consideration, though at the time of the sale he heard the defendant tell the clerk that the plaintiff's share was to go as a payment on the purchase money, and that he would make it all right with him.

The defendant also offered in evidence nine judgments, each for the sum of $192, which he had obtained against the plaintiff on the 16th day of January, 1877, upon notes that bore date in May, 1867.

There was also some evidence of plaintiff's having purchased a horse of the defendant in 1868, and of his saying that he was indebted to the defendant for the same.

The counsel prepared the issues, and with the consent of both parties the following were submitted:

1. Did the defendant purchase the land at the sale, for the joint benefit of himself and the plaintiff, and was this done by reason of a previous agreement? to which the jury respond "yes."

2. Did plaintiff pay any portion of the purchase money, in

money, and if só, how much? Answered—"Two hundred and seventy-one dollars."

3. Was the one-eighth share of sales of land agreed by defendant, on the day of sale, to belong to the plaintiff, and was that used in paying for the land? Answered—"Yes."

The case states that no exceptions were taken to the evidence, and none to the charge as given, and that when called upon at the close of the charge, to know if they desired any special instructions given, none were asked for on either side.

After the verdict, the defendant's counsel insisted that inasmuch as the evidence was altogether by parol, and was unsupported by any facts or circumstances, it was insufficient to authorize the court to declare a trust and the defendant a trustee, and therefore moved for judgment for the defendant, notwithstanding the verdict; motion overruled; judgment for the plaintiff, and appeal by defendant.

*M. Geo. H. Brown, Jr.*, for plaintiff.
No counsel for defendant.

RUFFIN, J., after stating the case. To maintain his position, it is necessary that the defendant should establish two propositions: First, that by reason of the recent amendment of the constitution (Art. IV., § 8) this court can, and indeed must, in all cases that were hitherto cognizable only in a court of equity, pass upon the verdict of the jury, and, if in their opinion it should be founded upon insufficient testimony, wholly disregard it; and secondly, that in this particular case, the evidence received and acted upon was not sufficient to warrant the court below, in declaring a trust in favor of the plaintiff as to the land in question. A failure as to either point, it is apparent, must be fatal to his case.

If for want of power in the court to disturb it, the verdict stands and is to be respected, that must necessarily conclude the question; and so too would a conclusion, on the part of the

court, that the evidence justified the verdict and warranted the judgment.

The first proposition seems to be conclusively met by the decision made in *Shields* v. *Whitaker*, 82 N. C., 516, where it was held, that even since the amendment, this court could not look into the evidence, in any case, for the purpose of correcting the verdict of a jury, but that the same was as binding on the courts as it ever was. But if this was not ordinarily true, we should without hesitation hold it to be so in a case in which, like the present, the party had voluntarily submitted to having his cause tried by a jury, upon evidence to which no objection was made, and under instructions to which no exception was taken. It is too late, after a party has thus taken his chances, to object to the tribunal that has tried the cause as incompetent, because incapable of correctly apprehending and appreciating nice equitable distinctions between the different sorts of proof.

' The exact effect of the amendment upon the jurisdiction of this court, has never been definitely settled as yet, nor has the question—which seems necessarily to be involved in the other— as to how far it confers upon parties *the right* to have their causes, when purely of an equitable ·nature, tried by the judge in the court below, without the intervention of a jury.

These are important questions, and their solution made difficult because of the fact, that as now constituted, the same court exercises jurisdiction in both law and equity, and administers both under one common form of procedure—thereby necessarily blending the two, and making it almost impossible for the courts, in the absence of all legislative directions, to define the limits of each.

But, however these questions may be ultimately decided, it will never, we surmise, be held to be law, that a party who has of his own accord accepted a trial by a jury, can insist upon having the same facts passed upon by the court.

As to the second point, we do not understand it to be questioned, but that with us a trust may be declared, and· may be

proved by parol. But it is insisted that to do so, the courts require, as in those cases where an absolute deed is sought to be converted into a security, something more than the mere declarations of parties—something confirmatory, and consisting of acts and circumstances *dehors the deed.* Conceding this to be the rule, the court still thinks that the case discloses testimony amply sufficient to support the plaintiff's case, and that of the very sort said to be requisite. Outside of the simple declarations of the parties, there is the *fact* that they both retained Mr. Brown as their common counsel, contributed alike to his compensation, and gave him to understand that, notwithstanding their conveyances to Coor, they still had interests in the lands to be sold, and were to be mutually interested in that to be purchased; and also, the *fact* that these very shares were afterwards, and in pursuance of this very understanding, applied as credits upon the purchase money of the "Biggs tract." These, taken in connection with the fact that their joint interest was so well known to their counsel and the clerk, as to make it necessary for the defendant to resort to falsehood in order to procure the deed to be made to himself alone, are utterly inconsistent with any other state of facts than that deposed to by the plaintiff, and which the jury have pronounced to be true.

No point was made, either in the court below, or in this court, as to the propriety of a court of equity giving help to the plaintiff, after he had made a fraudulent conveyance of his interest in the land to Coor; but if there had been, we do not think it could have availed, since it is not the fraudulent contract which is attempted to be enforced in this case, but a subsequent agreement wholly disconnected with the other, and herein this case is distinguished from *Turner* v. *Eford,* 5 Jones' Eq., 106.

There is no error, and the judgment of the court below must be affirmed.

No error.                                        Affirmed.