J. A. WORTHY v. H. B. SHIELDS, Guardian.

*Jurisdiction—Issues of Fact—Right of trial by jury—Witness, deposition of.*

1. The jurisdiction of the supreme court over issues of fact, under article four, section eight of the constitution, will be assumed upon two conditions: 1. If the matter be of such an equitable nature as a court of equity under the former system took exclusive cognizance of. 2. If the proofs are written and documentary, and in all respects the same as they were when the judge of the court below passed upon them.

2. A party under the present system has a right to a jury trial of an issue of fact, as well when it involves an equitable as a legal element entering into the merits of the controversy.

3. Depositions of witnesses are never taken by a court while engaged in the trial of a cause.

(*Goldsborough* v. *Turner*, 67 N. C., 403, commented on; *Lee* v. *Pearce*, 68 N. C., 76; *Heilig* v. *Stokes*, 63 N. C., 612; *Jones* v. *Boyd*, 80 N. C. 258; *Shields* v. *Whitaker*, 82 N. C., 516; *Leggett* v. *Leggett*, 88 N. C., 108; *Wessell* v. *Rathjohn*, 89 N. C., 377, cited and approved).

Ejectment tried at December Special Term, 1883, of Moore Superior Court, before *MacRae, J.*

The defendant appealed.

*Messrs. J. W. Hinsdale, McIver & Black* and *W. A. Guthrie,* for plaintiff.

*Messrs. M. S. Robins* and *W. E. Murchison,* for defendant.

SMITH, C. J.   The plaintiff asserts title to the land described in the complaint, and demands the recovery of possession and damages for the wrongful withholding by the defendants.   He also alleges that the defendants claim under a deed, in form and effect a mortgage (of which he annexes a copy), made by the former owner, D. R. McDonald, to the defendant A. R. McDonald, who, being a lunatic, is represented by his guardian, the defendant H. B. Shields, on February 11th, 1870, by virtue of which the mortgagee entered upon the premises, and from the value of the use and occupation as rents has received a larger sum than the secured debt and interest.   He therefore asks for an account, and proffers to pay any deficiency found after applying the rents to the debt.   The answer of the lunatic and guardian controverts the allegation of ownership, declares the deed to be and intended to be a conveyance of the land for the sum recited to be the consideration, with a condition by which the bargainor might, if he chose, within the period of one year thereafter, redeem, on restoring the purchase money and interest, but meanwhile was under no obligation to do so, or to pay the money.   The others, tenants under their associate defendant, disclaim any independent title in themselves.

When the cause came on for trial, the defendant proposed to prepare and submit to the jury issues arising out of the controverted allegations contained in the pleadings, which the judge refused to allow, assigning as his reasons therefor that the claims mentioned in one of the articles in the answer in general terms, with the explanatory statements of counsel, grow out of the execution of a deed from the sheriff of Moore county to the said A. R. McDonald, pursuant to a sale under execution against said D. R. McDonald, of the estate and interest remaining in the latter in the disputed land, after his deed to the former, and are, as is the action in its scope, wholly *equitable in their nature* and proper to be tried and determined by the court without a jury.

To this ruling the defendant's exception taken *in limine* presents the only question we find it necessary to consider.

13

In *Goldsborough* v. *Turner*, 67 N. C., 403, where the purpose of the action was to set aside a deed for fraud practiced in inducing its execution, and a series of inquiries had been put to the jury and answered, RODMAN J. says in terms that "the judge may himself decide the issues of fact made in a case like this," under sections 224 and 225 of the Code of Civil Procedure, and that while he may seek the aid of a jury in determining matters of fact for his own guidance, he is not bound by the findings, but may arrive at and act upon different conclusions of his own—pursuing the former practice in courts of equity; yet this view of the relative administrative functions of the judge and jury, under the constitution and superseding system, was disavowed by the court in the opinion of the Chief-Justice delivered at the succeeding term in *Lee* v. *Pearce*, 68 N. C., 76.

Referring to the preceding case, he says: "In that case issues were found by the jury fixing the allegations of fraud, and no consideration of the remarks of Justice RODMAN is admissible which would impose on this court the province of trying issues of fact as distinguished from questions of fact (*Heilig* v. *Stokes*, 63 N. C., 612), for such a construction is opposed by the constitution. Art. IV, §10, 'No issue of fact shall be tried before this court.' Nor is a construction admissible which would impose on the judge of the superior court the duty of trying issues of fact, except when by consent of parties the judge is substituted for a jury, for such a construction is opposed by the constitution." §18.

The words which are quoted by the Chief-Justice from section 10 are omitted from the correspondent section 9 contained in the amended constitution, and in place is substituted this sentence: "And the jurisdiction of said court over 'issues of fact' and 'questions of fact' shall be the same exercised by it before the adoption of the constitution of one thousand eight hundred and sixty-eight."

The result upon the judicial power of this court produced by this change in the organic law came up for examination in *Jones*

v. *Boyd,* 80 N. C., 258, and the distinction in the appellate juris-
diction over causes brought up for review on rulings in the courts
of law and courts of equity, is plainly marked.  It is there said
that under the former system "this court was invested with
authority to review the decrees, final or interlocutory, of the
*courts of equity,* and the evidence upon which they were rendered,
and, in case of reversal, to exercise original jurisdiction itself.
The case, whether upon appeal or removal, was heard upon writ-
ten and documentary proofs only, according to the well estab-
lished practice in courts of equity, and consequently this court
had before it the same means of arriving at a correct decision
which the court below had."

Conforming to this view of appellate authority, we have since
confined our examination of the evidence, with the purpose of
deducing facts from it in cases brought up by appeal, to such
only as were, before, of exclusive equitable cognizance; and then
only when the accompanying evidence was in writing in the form
of affidavits or depositions and exhibits which could be seen and
weighed by us, in the plight in which they appeared before the
judge of the superior court.  The former equity court acted upon
testimony coming from the lips of witnesses, reduced to writing
as it was uttered before the examiner, and the subject matter in
all its aspects was thus presented to the revising tribunal.

We have not proceeded beyond these assigned limits, nor can
we do so without assuming and exercising a jurisdiction larger
than was possessed before the adoption of the constitution of
1868, and seriously affecting the character of the court as intended
in the instrument which confers its authority, as one for the cor-
rection of errors in law.

There are thus two underlying conditions essential to our
assumption of jurisdiction to pass upon issues of fact:

1. The matter must be exclusively of equitable cognizance in
the former division of administrative judicial power; and

2. The proofs must be in all respects the same before us as
they were before the judge of the superior court, written and

documentary—not a narrative of what was delivered, but the words which were spoken—so that as an appellate tribunal, the court shall stand in the same relation to it that was occupied by the judge who made the ruling in the superior court.

It was only under such circumstances that the revisory jurisdiction was possessed and exercised previous to the constitution framed in 1868. As that court then examined and deduced conclusions of fact from the evidence in causes coming up from the court of equity on appeal (or by removal which is now not authorized), so this court, in the exercise of the restored jurisdiction, can only act when we have the cause before us in the same plight and similar surroundings as it was presented to the judge of the superior court. A fair construction of the amendatory provisions of the constitution do not require, nor do we think they permit our overstepping these limits and invading the province, while we usurp the functions of the jury.

It is clear that a jury verdict cannot be disregarded (*Shields* v. *Whitaker*, 82 N. C., 516; *Leggett* v. *Leggett*, 88 N. C., 108; *Wessell* v. *Rathjohn*, 89 N. C., 377), and we take but a step further in declaring that parties have a right to submit an issue of *fact* as well when it involves an equitable as a legal element entering into the merits of a controversy made in the pleadings; and this is the legitimate consequence of a reduction of all remedial proceedings into one single action.

The necessity of restriction is made apparent, in that the appellant, when denied a jury, at once demanded that the testimony be taken in the form of a deposition, so that the court could see and interpret it from the words of the witness, and not have it in a narrative form according to what he was understood to mean, rather than what he said.

This also was denied and properly denied, for under no system were depositions taken by the court while engaged in the trial of the cause.

The transcript presents another difficulty in the plaintiff's way upon the assumption that the case is to be tried as one in

equity. The allegation of title is denied in the answer, thus devolving on the plaintiff the burden of proving it, and all the necessary proof must be contained in the statement of the case, since nothing appears to have been conceded. Looking then at the attachment papers annexed, there is not seen to have been any publication required to bring the non-resident debtor before the justice and warrant his rendering judgment of condemnation. In equity trials, without regard to the rulings below, the inquiry was whether upon the pleadings and evidence the plaintiff was entitled to relief, and if so, it was accorded to him. No errors were required to be assigned, and the trial was *de novo*. This course is so foreign to that prescribed in the Code of Civil Procedure that we are not disposed by construction to extend our appellate power beyond reasonable limits intended by the framers of the constitution.

There is error in the judgment of the court refusing a jury trial, and this will be certified.

Error.                                        Reversed.