W. H. RUNNION et als. v. M. J. RAMSAY et als.

*Jurisdiction of the Supreme Court over Questions of Fact—Waiver.*

1. Where, in a suit instituted in the late Court of Equity, and transferred to the Superior Court docket under the provisions of the Code of Civil Procedure, the parties agreed that the Judge should find the facts, and that he should

examine witnesses orally, and only the substance of the oral evidence was sent up with the record ; *It was held*, that the right to have the findings of fact reviewed by the Supreme Court was waived.

2. Where parties agree to a particular mode of trial, they are bound by it.

3. The Supreme Court can only review and pass on issues of fact in certain cases, and then only when the evidence on which the finding in the Court below was based, is set out fully and at large in the record.

4. A party cannot lose the right to appeal by an agreement that the judgment of the Court below shall be final, and that neither party will appeal therefrom.

(*Leggett* v. *Leggett*, 88 N. C., 108 ; *Wessell* v. *Ruthjohn*, 89 N. C., 377 ; *Worthy* v. *Shields*, 90 N. C., 192 ; *Coates* v. *Wilkes*, 92 N. C., 376, cited and approved. *Falkner* v. *Hunt*, 68 N. C., 475, distinguished and approved).

CIVIL ACTION, heard before *Graves, Judge*, at Spring Term, 1884, of the Superior Court of MADISON county.

This suit was brought to the Fall Term, 1867, of the late Court of Equity in and for the county of Madison ; it was pending at the time of the adoption of the present method of Code Procedure in this State; and as allowed by the statute (C. C. P., §406 ; The Code, §944), it was transferred to the Superior Court of that county, to be proceeded in and tried under the laws and rules of procedure, as these prevailed next before the enactment of the statute authorizing such transfer. (C. C. P., §302).

The pleadings were completed, depositions were taken, and at the Fall Term, 1876, of the last named Court, the cause was heard, and a decree in favor of the plaintiff was passed.

Afterwards, at the Fall Term, 1878, of that Court, the defendant filed a petition in the cause to re-hear the same and vacate the last mentioned decree. Upon the hearing of this petition, the Court set the decree aside, and from the judgment in that respect, the plaintiffs appealed to this Court. Here the judgment was affirmed. *Runnion* v. *Ramsay*, 80 N. C., 60.

Afterwards, at the Fall Term, 1884, of the Court below, the case was heard upon its merits. It is stated in the case settled upon appeal for this Court, that a jury trial was waived, and it was agreed by the parties that the Judge should "hear the testimony

and find the facts." It is further stated, that "many depositions were read, and witnesses who had before been examined on commission, were present at the trial, and were, without objection, examined, at the request of the plaintiffs." The Court found the facts adversely to the plaintiffs, and gave judgment against them, whereof the following is a copy:

"This cause coming on to be heard upon the bill of complaint, answers, proofs and exhibits, and the former orders in this cause, and being argued by counsel on both sides, and fully understood by the Court here, a trial by the jury of the issues of fact, raised by the pleadings, and directed to be tried by a jury under a former order in this cause, having been waived by counsel for both parties, and it being expressly agreed by both parties that the Court might try the said issues of fact, and declare the law upon such findings, the Court doth now declare that the testimony offered in this cause is not sufficient to satisfy the Court that the parol agreement alleged in the bill of complaint to have been made and entered into between William Ramsay and A. J. Ramsay, to purchase the tract of land herein mentioned and described in said bill of complaint, for their joint benefit, was in fact made and entered into as alleged. And the Court, therefore finds that the said alleged agreement was never so made and entered into. It is, therefore, ordered, adjudged and decreed, that said bill of complaint be dismissed. It is, therefore, further ordered and adjudged, that the plaintiffs pay their costs in this behalf incurred, and the defendants likewise pay their own costs."

From this judgment the plaintiffs appealed to this Court.

*Messrs. Theo. F. Davidson* and *Battle & Mordecai,* for the plaintiffs.

*Messrs. J. H. Merrimon* and *McLoud & Moore,* for the defendants.

MERRIMON, J. (after stating the facts). This suit was begun in the late Court of Equity, and, regularly, it should have been

"proceeded in, and tried under the existing laws and rules applicable thereto," just before the act was passed authorizing its transfer to the Superior Court (C. C. P., §402). If that had been done, this Court would have authority to consider the evidence, review the findings of fact by the Court below, and reverse, change or modify them. But the parties chose to agree that the Judge who heard the cause "should hear the testimony and find the facts." And the Court, consenting to, acting upon and in pursuance of that agreement, did find them.

The Court had general jurisdiction of the subject matter of the cause, as well as the special jurisdiction conferred by the statute authorizing its transfer from the Court of Equity to the Superior Court. The method of trial agreed upon was one authorized by law. It was, therefore, competent for the parties, with the assent of the Court, to agree to adopt it. The Court was not necessarily required to hear and determine the cause, as if it were in the late Court of Equity, if the parties consented to a different authorized method of trial. So that the trial was effective and binding upon both the plaintiffs and defendants, as much so as if the suit had been originally instituted under the present method of procedure.

The appellant having consented to the method of trial adopted, are bound by it and the legitimate consequences resulting from it. Having accepted that, they are not at liberty to insist upon another. *Leggett* v. *Leggett*, 88 N. C., 108; *Wessell* v. *Ruthjohn*, 89 N. C., 377.

But it was insisted on the argument, that this is an "equity case," begun before the present method of procedure was adopted, and it must be heard and determined as such, and therefore this Court can consider the evidence and find the facts, just as the late Court of Equity would have done. As we have already said, that would be so, but for the method of trial adopted. The case was not heard like a case in the late Court of Equity—the Court not only heard the depositions of witnesses, but witnesses were examined orally before the Court, and the evidence thus

produced was considered by it.   The depositions taken have been
sent up with the appeal, but only hasty minutes—rough notes—
of what the witnesses testified to orally, taken by the Court, have
been sent up.   We cannot be put in possession of the evidence
received and heard on the trial as the Court below heard it.   The
questions put to the witnesses examined orally—how these were
answered—exactly what the witnesses said—are not sent up—
only the substance—perhaps not all of that is sent up.   So that
we cannot see, appreciate, and weigh the evidence received as
the Court below did.   If depositions had been taken, and all the
evidence had been sent up as was done in the late Court of
Equity, it would be otherwise.   We cannot review the evidence,
hear the case, and determine it as was done in cases in that
Court.   It is settled, that unless a case comes before us in such
shape as that we can do so, we cannot consider the evidence and
find the facts.   Ordinarily, the findings of the Judge upon issues
submitted, or of the facts by the Court, as the case may be, must
be conclusive.   There are well defined exceptions to this rule,
but this case is not one of them.   These are so well understood,
that we need not here point them out.   *Worthy* v. *Shields*, 90 N.
C., 192; *Coates* v. *Wilkes*, 92 N. C., 376.

The plaintiffs' counsel relied in part upon *Falkner* v. *Hunt*,
68 N. C., 475.   That case is not in conflict with what we have
here decided.   It was begun in the late Court of Equity—was
an equity case, prosecuted and heard as such.   The agreement of
the parties to submit the case to the Court to try the issues of
fact and law, was in effect just what the Court was charged by
the law to do, except the part of the agreement which under-
took to make the decision of the Court final and cut off the
appeal.   The agreement did not change, or undertake to change,
the method of trial.   The Court held simply that such agree-
ment could not deprive either party of his right of appeal—the
appeal lay, notwithstanding the agreement, and the case having
been heard in the Superior Court purely as an equity case, the
parties were entitled to have it so heard in this Court upon ap-

peal. If, however, witnesses had been examined orally by the Court, and a mere minute of their testimony had been taken and sent up, in that case, the decision of this Court would necessarily have been different.

The appellant's grounds of exception were not specially assigned in the record as they should have been, but what we have said is conclusive against them in every aspect of the case. If the findings of fact by the Court below were conclusive, as we have decided they were, then the judgment of that Court appealed from, was such as they could not justly complain of.

The judgment must therefore be affirmed.

No error.                                               Affirmed.