DANIEL GATEWOOD et al. v. C. M. BURNS et al.

*Jurisdiction of Supreme Court in Issues of Fact—Principal and Surety—Injunction—Sale Under Execution.*

1. The Supreme Court has jurisdiction, in actions purely equitable, to review the evidence and findings of facts in the Court below, where the entire testimony, as it was offered and received on the trial, is transmitted and can be considered upon the appeal; but it will not exercise this jurisdiction upon a fragmentary or summary statement of the evidence.

2. In the application of this jurisdiction the Supreme Court may in certain cases direct further testimony to be taken, or direct an issue of fact to be framed and remanded for trial by jury.

3. All defendants in judgments for the payment of money are, as to the judgment creditor, principal debtors, and the creditor may proceed to enforce his judgment by execution against one or all, unless the verdict or judgment shows that the relation of surety existed, and this is endorsed upon the execution. In that event the officer must first proceed against the principal as directed by *The Code,* §§2100 and 2101.

4. Where it was alleged by one seeking an injunction against execution in which he represented that he was only surety (but that fact did not appear in the judgment), that a contest was pending between the judgment creditors and the principal debtor as to the allotment of the latter's homestead; *Held,* that this was not sufficient to authorize the Court to grant an injunction to restrain the enforcement of the execution against the surety.

5. An injunction will not be granted to stay an execution regularly issued upon a judgment, because the judgment creditor threatens, or has had it levied upon property not subject to execution, or upon real property belonging to another. A sale under such circumstances would not pass title, and the true owner of the land would not thereby be exposed to irreparable injury.

This was a motion for an INJUNCTION, made in an action pending in ANSON County, heard and granted by *Clark, J.,* at Chambers, in Lumberton, on 27th of May, 1887.

The defendant Burns alone appealed.

The facts necessary to an understanding of the points decided are stated in the opinion.

*Mr. R. H. Battle*, for the plaintiffs.
*Mr. J. A. Lockhart*, for the defendants.

MERRIMON, J. This was a motion of the plaintiffs for an injunction to restrain the defendant judgment creditors from selling lands of the plaintiffs under execution in their favor respectively, in the hands of the Sheriff, until alleged equities could be adjusted and settled by a proper decree of the Court in this action, &c.

The motion was heard at Chambers, upon the sworn complaint and answers used as affidavits, other affidavits, and other evidence taken orally by the Court, the *substance* only of which is sent to this Court.

The defendant Burns only opposed the granting of the injunction which was issued, and he alone having excepted, appealed to this Court, from the order in that respect.

In matters purely equitable in their nature, such as applications for injunctions and receivers, in the course of the action coming to this Court by appeal, it has jurisdiction to review the evidence and the findings of fact by the Court below, and to reverse or modify such findings in whole or in part, when the same evidence, just as taken and heard below, is sent to this Court. To that end, not simply the substance or a summary of the evidence, or parts of it, must be sent, but the whole of it, just as so taken and heard, so that this Court can have precisely the like opportunity and facility in reviewing, giving weight and application to the evidence in finding the facts that the Court below had. Otherwise, this would not simply be a reviewing Court, but one, to some extent at least, exercising in such appeals original and independent jurisdiction as to the evidence and facts of cases purely equitable in their

nature, which, as to such appeals, is not allowed by any statutory provision or regulation.

Generally and ordinarily this Court acts upon the matters and questions embraced by the appeal just as they properly come to it in the course of procedure. In possible cases it might, as allowed by the statute (*The Code*, §965), allow or direct further testimony to be taken, or, in the exercise of its authority in matters purely equitable, direct issues of fact to be tried by a jury, or remand the case for the same and like purposes, but it would not ordinarily do so.

This Court is almost exclusively a Court of errors, having, except in one or two respects only, appellate jurisdiction. *Worthy* v. *Shields*, 90 N. C., 192; *Coates* v. *Wilkes*, 92 N. C., 376; *Runion* v. *Ramsay*, 93 N. C., 410.

In the case before us the Court, in part, heard evidence of witnesses taken orally, and this is sent up "substantially" as heard. This is not sufficient. For the reason stated above, we cannot review the evidence and the findings of fact. The appellant might have insisted in apt time that the whole of the evidence should be reduced to writing, just as the witnesses gave it, but as he did not, we must determine upon the facts as found by the Court below, whether or not the injunction was properly granted.

The principal and leading ground of the motion of the plaintiff Daniel Gatewood for the injunction granted was, that the defendant Burns had obtained divers judgments for money against one Robinson and himself, he being, as he alleged, only surety in the judgments and the promissory notes on which these were founded; and the Sheriff, who had in his hands executions issued upon these judgments, was about to sell his property—land—to satisfy them, before exhausting, by sale, the property of the principal in the judgments, as it was contended he ought to have done.

It did not appear from the judgments or the executions that the plaintiff was such surety. As it did not, he was, as

to the appellant, a principal debtor, and so to be treated. The Sheriff was not, therefore, bound to sell the property of Robinson first, nor was the appellant bound to direct him to do so. As to the appellant, the judgment debtors were both principals, and he might, through the Sheriff charged with proper executions, collect his debt from both or either of them, in his discretion. It is well settled that all defendants, charged by the judgment without distinction, are equally principal debtors, and in legal effect are one debtor as to the judgment creditor. In *Eason* v. *Petway*, 1 Dev. & Bat., 44, it is said "no difference in the order of their liability is recognized at law in respect to any proceedings upon process on the judgment." (*Ex-parte King & Morrison*, 2 Dev., 341; *Buford* v. *Alston*, 4 *Ib.*, 351.) The relation between principal and surety creates rights and duties among the defendants, as between themselves, but it does not affect third persons. The Sheriff may levy the debt from either defendant, or in such proportions as he chooses." The cases of *Shaw* v. *McFarlane*, 1 Ired., 216; *Davis* v. *Sanderlin*, 1 Ired., 389; *Stewart* v. *Ray*, 4 Ired., 269; *Shuford* v. *Cline*, 13 Ired., 463, are all to the same effect.

If the appellee was surety, as he alleges, he might, as allowed by the statute, (*The Code*, §2140) have shown by proper evidence on the trial in the actions in which the judgments were obtained by the appellant, that he was such surety, and the jury in their verdict, or the Justice of the Peace in his judgment, would have distinguished him as surety, and the executions would have been issued with a proper endorsement to that effect, and in that case the Sheriff would have levied the sum required to be collected first out of the property of the principal, if he had sufficient for that purpose.

But, so far as appears, it was not even suggested at the proper time that he was surety. Indeed, the facts show that he was not, as to the appellant; that he induced the latter to lend the money, which was the consideration of the notes to

Robinson, and became on purpose, by the express terms of the notes, a principal debtor therein. As to Robinson he was surety, but by express stipulations he was principal with him on the notes as made by the appellant. As he failed to take advantage of the statutory provision just mentioned, nothing appears that in law or equity ought to prevent the appellant from collecting his debt by execution from the appellee, although he may have been surety. He agreed to pay the debt in that case if his principal did not, and the creditor had the right to collect his debt from the surety, if he saw fit to do so. It was the duty of the latter to have paid the debt, without compulsion, as soon as it became due, and if he had done so, he would at once have been entitled to his remedy against his principal. Neither by the terms nor the spirit of the contract of debt did the creditor agree to go against and collect his debt from the principal first, if he could, and nothing has supervened since the maturity of the debts, or the granting of the judgments, so far as appears, that raises an equity in favor of the appellee to compel the appellant to do so.

It is alleged that there are numerous judgments against the said Robinson and this plaintiff, and the homestead of the former in certain of his lands was laid off to him, and one creditor contested the allotment thereof as excessive, and the contest in that respect is not determined. It is insisted that the plaintiff has the right in his own interest, and that of other creditors, to delay the sale of his property until that contest shall be ended, so that Robinson's property may be sold free from cloud, and for a better price, &c. This raises no equity in favor of the plaintiff. As we have seen, it was his duty to pay the appellant's debt, and he should take the burden of his remedy against his principal. The case of *Albright* v. *Albright*, 88 N. C., 238, cited for the plaintiff, has, in our judgment, no application here. In that case there were conflicting rights and liens of his judg-

ment creditors, that it was necessary to settle in order to enable him to have his homestead, and the Court interposed its equitable authority to that end    Here there is no such conflict of right or lien.   The rights of the creditors are distinct and clearly stated, and there is nothing that requires the intervention of a Court of Equity, at the instance of the plaintiff, to delay the enforcement of the rights of the appellant.

The plaintiff, Thomas May, alleges that he purchased a tract of land from his co-plaintiff, Daniel Gatewood, in 1882, and paid for the same before the liens of the judgments of the appellant attached to the lands of Gatewood, but he did not obtain a proper deed for the same until the first of January, 1885, after such liens so attached, and he insists that the liens of these judgments did not attach to the land so purchased by him, and he asks the Court to so declare and adjudge, and to enjoin the appellant against selling the same.   It is very obvious that the plaintiffs in the action, who are the appellees, allege what they deem causes of action, which, if sufficient as such, are distinct in their nature, and cannot be united in the same action, but passing this objection by, the plaintiff May alleges no cause of action at all.   He alleges, in substance, that he is in possession of his land, and has a good title for it, but he apprehends that the appellant may attempt to sell it.   He asks the Court, before his right is invaded, to adjudge that his title is good, and to restrain the appellant by injunction from interfering with it.

It is not the province of the Court to thus interpose its authority to prevent the sale of the land.   If the plaintiff has title to it, a sale, or attempted sale of it, under the appellant's execution, would pass no title.   If, on the other hand, he has no title, and the land belongs to the defendant in the execution, then the creditor would have the right to

sell it, if need be, to pay his debt. *Bristol* v. *Hallyburton,* 93 N. C., 384.

We think the plaintiffs showed no right to have their motion for the injunction granted as to the appellant. The order granting the injunction as to him must be reversed. To that end let this opinion be certified to the Superior Court.

Error.