*218
 
 Battle, J.
 

 One question presented by the record is, whether the Superior Court had the power to allow the •constable to amend his return upon the motion of plaintiff, made for the first time in that court. The answer to this question depends upon a preliminary enquiry as to the effect of the appeal from the order made in the County Court, refusing to grant a writ of
 
 venditioni exponas.
 
 Did it take up the whole record, so that if the order were reversed in the latter court the writ of
 
 vendi. exponas
 
 could issue from that court, or. would it be necessary to order a writ of
 
 procedendo
 
 to the County Court? We think that, upon both principle and authority, the w'hole case was taken up to the Superior Court, and that court acquired full jurisdiction of the matter in contest. The refusal of the County Court to grant the plaintiff’s motion for a writ of execution to harve the land levied on sold, was an adjudication against him of all that he demanded or could demand in that suit. If that adjudication were proper, his suit was at an end in that court; but, as it was made in an inferior tribunal, he had a right given him by law to have the matter reviewed ■ in a Superior Court, and that could not be effectually done unless the latter could have a transcript of the whole record of the former before it. In this respect the case differs from that of
 
 Russell
 
 v. Saunders, 3 Jon., 432, where the County Court permitted a prosecution bond to be filed, though none had been given before, and from the order granting such permission the defendant appealed to the Superior Court. That order was upon a collateral matter, not at all affecting the merits of the suit in which it was made; and hence it was -held that the appeal carried up only the matter connected with the order, leaving the records of the main suit still in the County Court. The case of
 
 Morehead
 
 v.
 
 The Atlantic & North Carolina R. R. Co.,
 
 7 Jon., 500, more nearly resembles the present. In that the defendant pleaded in abatement to the jurisdiction of the County Court, to which the plaintiff
 
 *219
 
 demurred, but tbe demurrer was overruled and the plea sustained, upon which the plaintiff appealed; and
 
 it was held
 
 that the appeal took the whole case up to the Superior Court.
 

 If our process of reasoning be correct, and the transcript of the whole record of the County Court in the present case was properly carried up to the Superior Court, the plaintiff had the same right to move that the constable be permitted to amend his return, so as to make it speak the truth, as he had to make a similar motion in the County Court. With the single exception of being in a higher tribunal, the proceeding was the same in the Superior as it was in the County Court, and being so, we cannot conceive of any good reason why the former court should not have the same right to entertain a motion to amend as the latter. And we think the Superior Court not only had the power to entertain the motion, but also to grant it, if in its discretion it thought proper to do so.
 

 The case falls under the first division of the third class of amendments spoken of in the case of
 
 Phillipse
 
 v. Higdon, Busb., 380. If it be true that the defendant, in the justice’s execution, had no goods or chattels upon which the constable could levy, then, in entering his return of a levy upon land, it was of course a mere oversight in him to omit stating that his levy was made on the land for the want of goods and chattels. And in such a case the court may allow the amendment, even though third persons may be thereby affected, if, under all the circumstances of the case, the purposes of justice will be subserved by doing so.
 
 Bender
 
 v. Askew, 3 Dev. 149.
 

 But it is objected that the Superior Court has no power to allow the amendment of the return of an officer made to the County Court, and the case of
 
 Smith
 
 v.
 
 Low,
 
 2 Ire., 457, is relied upon in support of the position. It is true that the Superior Court has no such power, when the record of the ' suit in the County Court in which the return is made is not
 
 *220
 
 before the Superior Court. This will be the case when land is sold under a
 
 vend. expo,
 
 issued from the County-Court, and an action of ejectment is afterwards brought by the purchaser in the Superior Court. If, in such case, it be afterwards discovered that there is a defect in the return of an officer made to the County Court, the Superior Court cannot have it amended by the officer because it is not within its control. The difference between that case and the one before us is manifest. Here the whole proceedings are in the Superior Court, and it has the same power of amendment of any part of them, which the County Court had while they were before it.
 

 Our conclusion is, that the Superior Court erred in deciding that it had not the power to permit the constable to amend his return, and for this error the judgment must be reversed.
 

 Per Curiam:. Judgment reversed.