## J. H. HYATT v. HUGH HOLLOMAN.

(Filed 10 March, 1915.)

**1. Bills and Notes—Solvent Credits—Payment of Taxes—Interpretation of Statutes.**

A possessory action to recover a horse secured by chattel mortgage, brought by the assignee of the mortgage note against one to whom the mortgagee had sold the horse, is not an action upon the note upon which the statute requires that the taxes be given in and paid before the owner may be permitted to sue thereon. Revenue Act, Laws of 1911 and 1913.

**2. Same—Postponement of Action—Payment Into Court.**

Where the assignee of a note has failed to list or pay taxes thereon as a solvent credit, his right of recovery by appropriate action is only postponed until the taxes are paid; and his paying into court a sufficient amount for his taxes after the time fixed therefor by the statute has passed permits him to proceed to judgment.

APPEAL by defendant from *Connor, J.,* at July Special Term, 1914, of HERTFORD.

Civil action tried upon these issues:

1. Is the plaintiff Hyatt the owner of and entitled to the possession of the property described in the complaint? Answer: "Yes."

2. Is the defendant Hugh Holloman in the wrongful possession of said property, and does he wrongfully withhold possession thereof from plaintiff Hyatt? Answer: "Yes."

3. What was the value of said property when the defendant Hugh Holloman replevied and retook the same? Answer: "$100."

4. Did the plaintiff Hyatt, with a view to evade the payment of taxes, fail or refuse to give in to the assessing officer the note and debt referred to in the pleadings? Answer: "Yes."

His Honor rendered judgment in favor of the plaintiff and against the defendant for the possession of the horse taken in the claim and delivery proceedings in this action. The defendant appealed.

*Winston & Matthews for plaintiff.*
*Alex. Lassiter, Winborne & Winborne for defendant.*

BROWN, J.   The facts in evidence are that one Pell Powell executed and delivered to Godwin & Co. a note for $300, secured by a chattel mortgage on a number of horses.   Godwin & Co. transferred the note to the plaintiff.   The horse in question was one of those conveyed in the chattel mortgage securing the note, and had come into the possession of Holloman subject to the mortgage by purchase from Pell Powell.

The only ground upon which the defendant resists the judgment is that the owner of the note had not listed it for taxes and paid the taxes thereon, and that, therefore, the note could not be collected under the Revenue Act until the taxes were paid and the note listed.

The section of the Machinery Act of 1911 (section 41) relied on by the defendant is in these words:   "(11) If any person shall, with a view to evade the payment of taxes, fail or refuse to give in to the assessor or the assistant assessor any bonds, notes, claims, or other evidence of debt which are subject to assessment and taxation under this act, the same shall not be recoverable by action at law or suit in equity before any of the courts of this State until they have been listed and the tax paid thereon."   This provision is also brought forward in the Revenue Act of 1913, being subsection 12 of section 40 of chapter 203, Public Laws of 1913.

The contention of the plaintiff that this is not an action on the note, and that no judgment can be rendered upon the note against this defendant, and that, therefore, the case does not come within the purview of the statute, is well taken.   The mortgage is on a horse and is mere evidence of the right of possession and title.   The mortgagor had disposed of the mortgaged property subject to the mortgage.

The plaintiff, the assignee of the mortgage, simply took it from one who had no right to it.   This being an action against a stranger in possession of property for the recovery thereof, cannot be considered in any sense an action on the note within the meaning of the statute, as no recovery can be had on the note against this defendant.   If that were not so, the record shows that the plaintiff paid to the clerk of the court the sum of $10, a sum sufficient to pay the taxes on the note, and filed with it a written statement insisting that he had properly listed and paid all taxes on the note, but nevertheless paid the same into the court and asked that it be applied to the payment of the taxes on the note.   The evidence was conflicting as to whether this particular note had been listed for taxes and the taxes paid.

Under our revenue law solvent credits are listed in a lump sum under oath, and the taxpayer deducts therefrom the amount of his individual personal indebtedness.   It is, therefore, difficult to ascertain whether a particular note of small amount is included.

Nevertheless, in deference to the verdict of the jury, the plaintiff, the assignee of this note, offered to pay the taxes and paid a sum sufficient in court. This all took place long after the tax listing time was over, and it is too late to correct the tax list.

We have said in *Martin v. Knight,* 147 N. C., 564, that a failure to list a solvent credit pursuant to the statute does not prevent recovery in an action thereon, but postpones the recovery of judgment until it is listed and the taxes are paid.

We think it was proper for the court to permit the plaintiff to pay the sum of money into court in order that it may be applied to the payment of the taxes. It was not the purpose of the General Assembly to confiscate property for the nonpayment of taxes, whether it be real or personal.

In the taxation of real estate the law is very liberal and gives the landowner twelve months within which to redeem it after the land has been sold. It is, therefore, not to be supposed that the Legislature intended to confiscate the property of a citizen simply because it is in the form of a note or other solvent credit.

We think, therefore, that the whole purpose and spirit of the statute was complied with when the plaintiff, who is the mere assignee of the note, pays into court the sum sufficient to reimburse the county for any loss of taxes thereon.

The judgment of the Superior Court is
Affirmed.