## JOHN G. RANKIN v. R. M. OATES.

(Filed 17 May, 1922.) ·

**1. Trials—Verdict Set Aside—Issue Reversed by Trial Judge—Courts.**

The trial judge has the authority to set aside the verdict of the jury as to matters in his sound discretion or as a matter of law, leaving the cause at issue, C. S., 591; but he may not change the verdict and thereupon dismiss the action as a matter of law, the exercise of such power being allowed only for want of jurisdiction or upon the ground that no cause of action has been sufficiently alleged in the complaint.

**2. Limitation of Actions—Pleadings—Burden of Proof.**

Where the three-year statute of limitations is pleaded in defense to an action for wrongful conversion of personal property, the burden of proof is on the plaintiff to show that the action was brought within the time allowed from the accrual of the cause, or that otherwise it was not barred.

**3. Same—Statutes—New Action—Costs—Condition Precedent.**

The one-year period extended for the bringing of another action after nonsuit upon the same subject-matter, C. S., 415, is applicable only when the costs in the original action have been paid by the plaintiff before commencement of the new suit, unless the original suit was brought *in forma pauperis;* and where the appropriate statute has been pleaded and its time expired both before the bringing of the new action and the payment of the cost in the original one, the second action is barred though commenced within the one-year period, when the original case has not been brought *in forma pauperis. Bradshaw v. Bank,* 172 N. C., 632, cited and distinguished.

**4. Appeal and Error—Harmless Error—Courts—Reversal of Verdict—
    Prejudice—New Trial.**

> Where the trial judge has erroneously set aside the negative finding of
> the jury upon the issue of the statute of limitations, and answers this
> issue in the affirmative and dismisses the action, and it appears on appeal
> that the same result would have followed as a matter of law, the error
> will be held as harmless, without injury to the appellant, and a new trial
> will not be ordered.

CLARK, C. J., dissenting.

APPEAL by both plaintiff and defendant from *Ray, J.,* at December
Term, 1921, of GASTON.

Civil action to recover damages for an alleged wrongful conversion
of plaintiff's automobile.

Upon denial of liability and issues joined, the jury returned the fol-
lowing verdict:

"1. Did the defendant wrongfully convert to his own use the property
of the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. Is the plaintiff's cause of action barred by the statute of limita-
tions? Answer: 'No.'

"3. What damages is the plaintiff entitled to recover by reason of the
conversion of said car? Answer: '$1,875.' "

After the rendition of the verdict, his Honor set aside the jury's find-
ing as to the bar of the statute of limitations, answered the second issue
in the affirmative, as a matter of law, and thereupon rendered judgment
for the defendant, dismissing the action and taxing the plaintiff with the
costs. Both sides appealed.

*Mangum & Denny for plaintiff.*
*Michael Schenck and Carpenter & Carpenter for defendant.*

STACY, J. The court was without authority to reverse the jury's
finding on the second issue, answer it himself, and then render judgment
on the verdict as amended. *Garland v. Arrowood,* 177 N. C., 373;
*Sprinkle v. Wellborn,* 140 N. C., 163; *Hemphill v. Hemphill,* 99 N. C.,
436. And it has been held that, after verdict, the same may be set aside
and the plaintiff's suit dismissed by the trial court only for want of
jurisdiction, or upon the ground that no cause of action is stated in the
complaint. *Riley v. Stone,* 169 N. C., 422. A different course seems
to have been pursued in *Davis v. R. R.,* 170 N. C., 582, but there the
question of procedure apparently was not presented for consideration.

Of course, his Honor could have set the verdict aside as a matter of
law or in his discretion; and in either event the cause would then have
stood upon the docket for a new trial. C. S., 591. When a verdict is

set aside as a matter of law, the losing party may appeal, and the action of the court in this respect is subject to review. *Powers v. Wilmington,* 177 N. C., 361. But the rule is otherwise when the judge acts in his discretion, unless this discretion has been grossly abused and resulted in oppression, which is not likely to occur in any case. *Settee v. Electric Railway,* 170 N. C., 367.

But we are of opinion that the court should have directed a verdict against the plaintiff on the second issue. The defendant having set up the plea of the statute of limitations, as a bar to the plaintiff's right to recover, the burden was on the plaintiff to show that his suit was brought within three years from the time of the accrual of the cause of action, or that otherwise it was not barred. This has been the prevailing rule with us as to the burden of proof where the statute of limitations is properly pleaded. *Tillery v. Lumber Co.,* 172 N. C., 296, and cases there cited.

Admittedly the plaintiff's alleged cause of action accrued on or about 2 May, 1914. The present suit was instituted in the Superior Court of Gaston County, 6 September, 1917, three years, four months, and four days after the alleged conversion. This was too late, unless the plaintiff has otherwise saved himself from the running of the statute.

To meet this situation, the plaintiff offered evidence tending to show that a former suit to recover the automobile in question was commenced in Henderson County on 25 May, 1914, and that said suit remained upon the Superior Court docket of said county until the May Term, 1917, when a voluntary nonsuit was taken therein. Plaintiff contends that under C. S., 415, he is entitled to bring a second action at any time within one year after the judgment of nonsuit in the original cause. This is so, provided "the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought *in forma pauperis."* It is admitted that the original suit here was not brought *in forma pauperis,* and that the costs of said action were not paid by the plaintiff until 14 September, 1921, four years and eight days after the commencement of the new suit.

It was held in *Bradshaw v. Bank,* 172 N. C., 632, that the proviso in this statute does not forbid the plaintiff's bringing a second action without paying the costs of the first, when not otherwise barred by the statute of limitations, but that it does annex such "as a condition to bringing the new action free from the bar of the statute, if pleaded." That is to say, if both suits are brought within three years from the date of accrual of the plaintiff's cause of action, the failure to pay the costs in the original suit will not bar the plaintiff's right to proceed in the second action. But where the pendency of the first suit and the right to bring another within a year after its dismissal is relied upon to repel the

RANKIN v. OATES.

plea of the statute of limitations, the plaintiff is required to pay the costs in the original action before the commencement of the new suit, unless the first suit was brought *in forma pauperis*. This is the plain meaning of the words used in the statute and we are not at liberty to disregard its provisions. *Summers v. R. R.,* 173 N. C., 398.

The correct result has been accomplished by the judgment entered below, though irregularly rendered; and as no harm can come from letting it stand, we shall affirm it. *Earnhardt v. Comrs.,* 157 N. C., 234; *Oldham v. Rieger,* 145 N. C., 254. Upon the uncontroverted facts, the plaintiff is not entitled to recover, and any error committed on the trial was harmless. *Cherry v. Canal Co.,* 140 N. C., 426. "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." *Butts v. Screws,* 95 N. C., 215. The judgment dismissing the action will be upheld.

On both appeals, judgment

Affirmed.

CLARK, C. J., dissenting: This was an action for the alleged wrongful conversion of plaintiff's automobile. Upon the issues submitted, the jury found the first issue in favor of the plaintiff, and in response to the third issue, assessed his damages at $1,875, and answered the second issue, "Is the plaintiff's cause of action barred by the statute of limitations," in the negative.

After the rendition of the verdict, the court set aside the jury's finding as to the bar of the statute of limitations and himself answered that issue in the affirmative as a matter of law, and rendered judgment in favor of the defendant, dismissing the action and taxing the plaintiff with the costs. This, as stated in the Court opinion, was error.

The plaintiff's cause of action accrued on 2 May, 1914, and an action to recover the automobile in question was commenced in the Superior Court of Henderson on 25 May, 1914, and remained upon its docket until May Term, 1917, when a voluntary nonsuit was taken. This action was begun in Gaston County, 6 September, 1917, less than 4 months thereafter. Under C. S., 415, the plaintiff was entitled to bring another action at any time within one year after such nonsuit entered. That section, it is true, provides that the party in interest may commence a new action within one year after nonsuit, reversal, or arrested judgment, "if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought *in forma pauperis*." This last sentence shows that it was not intended as a statute of limitations, but merely to secure the costs of the officers in the first case. This is of the same purport as the provision

that the clerk shall require a prosecution bond, or deposit, or leave to sue as a pauper before issuing a summons, only it is less imperative. In neither case does the statute of limitations run if this is not done. In both cases, if objection is made the judge can allow the defect to be supplied by filing the bond or making the deposit, or in this case, paying the costs, or if he dismisses the case a new action can be brought. The statute does not run, since in both cases the summons was issued and the action was actually pending.

There are numerous analogous cases which show that this is the reasonable intent and meaning of this provision. C. S., 493, is far more peremptory. It provides, *"Before issuance* of the summons the clerk *shall* require the plaintiff to do one of the following: (1) Give an undertaking with sufficient security in the sum of $200, with the condition that it will be void if the plaintiff pays the defendant all costs which the latter recovers of him in the action; or (2) make a deposit of that amount; or (3) obtain authority to sue as a pauper." This is a requirement that one of these shall be done "before the clerk is authorized to issue the summons." Yet it has always been held that though the clerk fails to require any one of these three things to be done, the summons is not void, but the action can be maintained and the court can permit the bond to be filed, or either of these requirements to be complied with after the writ is returned. *Shannonhouse v. Withers,* 121 N. C., 380; *Cooper v. Warlick,* 109 N. C., 673; *Albertson v. Terry,* 109 N. C., 8; *MacMillan v. Baker,* 92 N. C., 115; *Wall v. Fairly,* 66 N. C., 386; *Stancill v. Branch,* 61 N. C., 218; *Russell v. Saunders,* 48 N. C., 432.

It is held that the execution of an undertaking "is an incidental but not an essential condition of an order allowing one to become a party," hence an amendment of the bond may be allowed, *Albertson v. Terry, supra,* and other cases above cited; and the refusal of the judge, after the case has proceeded, to require a prosecution bond is not appealable. *Christian v. R. R.,* 136 N. C., 321. The object of requiring a bond before a summons is executed is to secure the costs of the officers and the requirement is peremptory; yet it is waived if the bond is not given until there is notice and the action of the court, and should the court refuse to permit the bond to be filed, it does not make the proceeding void, but a new action can be begun within 12 months.

In the present case, under C. S., 415, the requirement is for the same purpose of securing the costs, and is not even made peremptory, as in 493, that the costs shall be paid *before* the new summons issues, but it is simply that "if the costs in the original action have been paid before the commencement of the new suit." There is no penalty prescribed to bar the action nor that the defendant cannot be allowed by the court to then pay the costs at any time an objection is made or that

if the court refuses this the plaintiff cannot then take a nonsuit and bring a new action within 12 months. The two cases are identical and the requirement is more stringent against the clerk issuing a summons before the prosecution bond given or a deposit made or leave obtained to sue as a pauper. In both cases the summons having issued, without observing the requirements as to costs, the action was pending and the plaintiff's claim was being asserted; hence the statute could not run.

In this case the first action was brought in the county of Henderson and within four months after the nonsuit the present action was brought in Gaston. There was no objection made for nonpayment of the costs and the action pended in Gaston without objection for 4 years. The plaintiff then, on his own motion, wrote for the bill of costs in Henderson, which were $3.30, and paid them on 14 September, 1921, before this action was called for trial and without any objection by the defendant.

In analogy to the construction placed upon the similar, only more rigid, requirement as to giving a prosecution bond, the failure to pay these costs before bringing this action was not fatal. The payment of the same before the time of trying the action was certainly a substantial compliance with the statute and its provisions.

In *Bradshaw v. Bank,* 172 N. C., 632, it was held expressly that this proviso now before the court, "if the costs are paid before the beginning of the second suit," did not forbid the commencement of a second action, but was merely a condition for bringing the new action, and that "a motion to dismiss it before answer filed upon the ground that the costs of the former action had not been paid, would be denied," and in that case *Mr. Justice Walker* said: "It was not the intention to forbid the commencement of a second action merely, without paying the costs of the first (*Freshwater v. Baker,* 52 N. C., 255), but to annex a condition to the right of bringing the new action free from the bar of the statute, and for that purpose to prevent counting the time which had elapsed during the pendency of the first action, the condition being that the costs of the prior action should be paid. Where, however, the statute is pleaded, the reply of the nonsuit will not avail the plaintiff unless he had paid the costs of the former suit. There had been no plea of the statute yet, but only a motion to dismiss, and on this phase of the case the amendment of 1915 has no bearing, as it only applies to the bar of the statute."

What *Mr. Justice Walker* says there is conclusive of this case. In that case there was no motion to dismiss, because the costs had not been paid. The concurring opinion in that case says that this proviso was "a condition precedent, on noncompliance with which the defendant was entitled to have the action dismissed as on failure to give prosecution bond, Rev., 450 (now C. S., 493); or to file appeal bond, Rev., 593 (now

C. S., 646); or on failure of defendant to file defense bond, Rev., 453 (now C. S., 495), *unless the court should extend the time."* As to the last, it was held that where an answer had been filed without the bond being given, the court would not strike out the answer without notice and giving opportunity to file the bond. *Becton v. Dunn,* 137 N. C., 563, where this is clearly stated. Another parallel instance is under C. S., 7913, which provides that the failure to give in for assessment notes, etc., prevents the holder obtaining judgment thereon, but it has been construed in *Martin v. Knight,* 147 N. C., 564; *Hyatt v. Holloman,* 168 N. C., 386, and *Corey v. Hooker,* 171 N. C., 229, that in such cases the court will permit the amount due on the solvent credits to be paid during the trial, and that this meets the requirements of the statute. In *Martin v. Knight, supra,* at p. 568, it was held that the failure to pay the tax cannot be made the subject of an issue unless pleaded, and in the present case it was not pleaded that the costs had not been paid and no objection was made, and in fact the costs ($3.30) had been paid before the trial was begun.

In all these analogous cases the spirit of the Code of Civil Procedure is that these requirements shall not interfere with the administration of justice, but that when objection is made for noncompliance with these requirements, the judge can allow the condition then to be complied with; or, if he dismisses the action, a new action can be begun within twelve months.

It will be contrary to the entire spirit of the new Code if these technical matters can be erected into absolute bars in the trial of causes upon the merits. It was because of numerous cases of this kind in the old procedure by which a case was dismissed if not brought under a certain form of action or in law when it should be in equity, or *vice versa,* that the new procedure was adopted which had in view solely the trial of cases upon their merits and made the incidental matters of procedure merely directory and not ground for the forfeiture of the rights of the parties, unless there was notice and objection, and gave to the judges full power to permit the execution of the required bond or compliance with other incidental requirements when the failure to observe them had been objected to.

The action of the defendant in this case was a waiver, and the plaintiff had paid the costs before any objection was made, and the judge was without authority to set aside the issue and to dismiss the action.

This requirement of the payment of the costs is also analogous to the situation when there is a demurrer to a complaint because another action is pending, or when the defense is set up that another action is pending and our Court has always held that if the former action is dismissed

before the trial that this meets the requirement of the statute and is not fatal to the prosecution of the action then on trial to judgment. *Barnett v. Mills,* 167 N. C., 567, and numerous other cases.

The court was not justified in striking out the answer by the jury to the second issue in favor of the plaintiff and itself entering an answer in favor of the defendant. This was held in the recent case of *Garland v. Arrowood,* 177 N. C., 373, in which the judge below struck out the answer in favor of the defendant and answered the issue in favor of the plaintiff, and *Mr. Justice Walker,* for the Court, said in that case: "The court erred, not in setting aside the verdict as to the second issue, but in answering the issue itself, and thereby reversing the jury's finding" which same error was committed in this case. This anomalous procedure was condemned also in *Riley v. Stone,* 169 N. C., 422. The only case in which it seems to have passed uncondemned was *Davis v. R. R.,* 170 N. C., 582, decided by a divided Court only, and even then this matter of procedure was not considered or decided.

The action of the judge in this case in setting aside the verdict and entering then his own response to the issue is contrary to our precedents and the regular practice and procedure of the court. The case had been on docket four years, and the costs had been paid before any objection made, and the verdict of the jury had been entered in favor of the plaintiff for the $1,875 (which counsel had previously agreed in writing was the value of the machine which the jury found that the defendant had wrongfully taken and converted to his own use). It is an anomaly under our reformed and simpler procedure to hold, under all these circumstances, that the plaintiff must lose his property, which he was entitled to recover upon the uncontradicted evidence and by the verdict of the jury, simply because the clerk in another county had neglected to send in a little bill of $3.30 of costs. The statute was intended, not to work such an injustice as this, but simply to secure to the clerk his costs. These were paid to the clerk by the plaintiff, who himself applied for the bill of costs, and the failure to do so earlier in nowise, in right reason, ought to inure to the benefit of the wrong-doer who wrongfully converted to his own use the property of the plaintiff, which counsel had agreed was of the value of $1,875.

The procedure here followed is not only contrary to the merits of the controversy, and an injustice to the plaintiff, but is contrary to all the analogous instances in which more or less similar requirements—such as giving prosecution bond and appeal bond, defense bonds and the like— have not been complied with, and in all of which the judge has permitted the deficiency to be supplied, or if he has dismissed the action on that ground, a new proceeding could be brought within the 12 months after a nonsuit.

I concur with the opinion of the Court in this case when it says that the court below was "without authority to reverse the jury's finding on the second issue, answer it himself, and then render judgment on the verdict as amended. *Garland v. Arrowood,* 177 N. C., 373; *Sprinkle v. Welborn,* 140 N. C., 163; *Hemphill v. Hemphill,* 99 N. C., 436; and it has been held that, after a verdict, the same may be set aside and the plaintiff's suit dismissed by the trial court only for want of jurisdiction or upon the ground that no cause of action is stated in the complaint. *Riley v. Stone,* 169 N. C., 422"; but I dissent from the conclusion that no harm can come from letting this action stand. Such procedure and judgment were contrary to law and the procedure and practice of the courts, and on its face was not only erroneous, but the judgment was entered *"without authority,"* as the opinion in this case states.

During the entire period, from the accrual of the right of action down to the trial, the plaintiff's action against the defendant to recover for the loss of his property, which the jury has awarded the plaintiff (and the value of which counsel agreed to be $1,875), has been pending on the docket, except for less than 4 months elapsing between the nonsuit in Henderson and the beginning of this action in Gaston. There is no statute of limitations which authorized the court to deprive the plaintiff of his recovery, as a matter of law, contrary to the verdict of the jury.